Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
    Direct Dial:  503.802.2013
    Facsimile:   503.972.3713
    E-Mail:     albert.kennedy@tonkon.com
Timothy J. Conway, OSB No. 851752
    Direct Dial:  (503) 802-2027
    Facsimile:   (503) 972-3727
    E-Mail:     tim.conway@tonkon.com
Michael W. Fletcher, OSB No. 010448
    Direct Dial:  (503) 802-2169
    Facsimile:   (503) 972-3867
    E-Mail:     michael.fletcher@tonkon.com
Ava L. Schoen, OSB No. 044072
    Direct Dial:  (503) 802-2143
    Facsimile:   (503) 972-3843
    E-Mail:     ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

    Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone, LLC, a Washington limited liability company,<br><br>                    Debtor. | Case No. 19-32600-dwh11<br><br>**DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

       Wall to Wall Tile & Stone LLC, debtor and debtor-in-possession ("Debtor"), moves this Court for entry of an order approving the employment of Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtor. Debtor makes this Application pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In support of this Motion, Debtor incorporates the statements contained in the Declaration of Jim Keller in Support of First Day Pleadings ("Keller Declaration") filed contemporaneously herewith, and further respectfully states as follows:

**Page 1 of 6** -  DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

1. On July 16, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case at this time.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Debtor desires to retain and employ Tonkon Torp as counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to represent Debtor in all aspects of its reorganization, on the terms and subject to the conditions described below.

6. Debtor believes Tonkon Torp is well suited for this representation. Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case. In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate, finance, litigation, real estate, land use, regulatory, labor, and tax expertise.

7. Debtor is informed that Albert N. Kennedy, Timothy J. Conway, Michael W. Fletcher, and Ava L. Schoen, the attorneys at Tonkon Torp primarily involved in this Chapter 11 case, are admitted to practice before this Court and that they have read Local Bankruptcy Rule 2016.

8. The services to be performed by Tonkon Torp are necessary in order for Debtor to perform its duties as debtor-in-possession. Subject to the control of and further order of the Court, Tonkon Torp intends to render the following services to Debtor:

**Page 2 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

a. Advise Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage its business and property under Chapter 11 of the Code;

a. Take all actions necessary to protect and preserve Debtor's bankruptcy estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed against Debtor in this bankruptcy case, and the compromise or settlement of claims;

b. Advise Debtor concerning, and prepare on behalf of Debtor, all necessary applications, motions, memoranda, responses, complaints, answers, orders, notices, reports, and other papers, and review all financial and other reports required of Debtor as debtor-in-possession in connection with administration of this Chapter 11 case;

c. Advise Debtor with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders, and related transactions;

d. Review the nature and validity of any liens asserted against Debtor's property and advise Debtor concerning the enforceability of such liens;

e. Advise Debtor regarding (i) its ability to initiate actions to collect and recover property for the benefit of its estate; (ii) any potential property dispositions; and (iii) executory contract and unexpired lease assumptions, assignments, and rejections, and lease restructuring and recharacterizations;

f. Negotiate with creditors concerning a Chapter 11 plan; prepare the plan, disclosure statement, and related documents; and take the steps necessary to confirm and implement the plan, including, if necessary, negotiations for financing the plan;

g. Provide such other legal advice or services as may be required in connection with this Chapter 11 case;

**Page 3 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

    h.  Advise and assist Debtor regarding bankruptcy claim(s) and related actions, including those arising from the matter of *Cosmos Granite (West), LLC v. Wall to Wall Tile & Stone, LLC et al*, King County Superior Court (Washington) Case No. 17-2-20765-9 KNT; and

    i.  Provide such other legal advice or services as may be required in connection with this Chapter 11 case.

  9.  Subject to Court approval, Debtor has agreed to compensate Tonkon Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly rates in effect on the date services are rendered. The Tonkon Torp professionals who will be primarily responsible for providing these services, their status, and their billing rates are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Albert N. Kennedy | Partner | $585.00 |
| Timothy J. Conway | Partner | $550.00 |
| Michael W. Fletcher | Partner | $450.00 |
| Ava L. Schoen | Of Counsel | $395.00 |
| Spencer Fisher | Paralegal | $195.00 |

  10.  From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons. Debtor has agreed that Tonkon Torp will also be compensated for the services of these professionals at their usual and customary hourly rates.

  11.  Tonkon Torp has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

  12.  None of the Tonkon Torp professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

  13.  Tonkon Torp is billing Debtor at the same effective rates that it billed prepetition.

**Page 4 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11  Doc 5  Filed 07/16/19

14. Tonkon Torp will maintain detailed, contemporaneous time records of expenses incurred, with the rendering of legal services described above by category and nature of services rendered.

15. As disclosed in the Rule 2014 Verified Statement for Proposed Professional filed herewith, prior to the filing of the bankruptcy petition, Tonkon Torp received a retainer from Wall to Wall Tile & Stone, LLC and applied a portion of that retainer to prepetition services and costs rendered prior to the filing of the bankruptcy, including the Chapter 11 filing fee. The remaining balance is held as a retainer.

16. Within the 12-month period preceding the Petition, Tonkon Torp provided legal services to Debtor. The total cost of legal services prior to the filing of the Petition, and payments for those services, are disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

17. Debtor agrees and understands that Tonkon Torp has reserved the right to withdraw as counsel to Debtor, and Debtor hereby consents to such a withdrawal in the event it becomes apparent Tonkon Torp will not be paid for its services. Debtor also recognizes that professional fees and costs incurred by Tonkon Torp are subject to approval by the Court after review of fee applications filed by Tonkon Torp.

18. To the best of Debtor's knowledge, the partners and associates of Tonkon Torp do not have any connection with Debtor, its creditors, any other party-in-interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement of Proposed Professional.

19. A proposed Order Authorizing Employment of Tonkon Torp LLP as Attorneys for Debtor is attached as **Exhibit 1**.

For the reasons stated in this Application, Debtor requests that the Court enter an order authorizing it to employ Tonkon Torp to represent Debtor as its general counsel in this Chapter 11 case as of the Petition Date, with compensation and reimbursement of expenses to be

**Page 5 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

paid as an administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

DATED this 16th day of July, 2019.

WALL TO WALL TILE & STONE, LLC

By */s/ Tyler Kruckenberg*
Tyler Kruckenberg, Managing Member

Presented by:

TONKON TORP LLP

By */s/ Ava L. Schoen*
Albert N. Kennedy, OSB No. 821429
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor

**Page 6 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Wall to Wall Tile & Stone LLC, a
Washington limited liability company,

Debtor.

Case No. 19-32600-dwh11

**ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR**

THIS MATTER having come before the Court upon Debtor's Application for Order to Employ Tonkon Torp LLP as Attorneys for Debtor (the "Application") [ECF No. _____]; the Court having reviewed the Application, the Rule 2014 Verified Statement for Proposed Professional, and the Declaration of Jim Keller in Support of First Day Pleadings; having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief

**Page 1 of 2** - ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

requested in the Application is in the best interests of Debtor, its estate, and the creditors; and good and sufficient cause having been shown;

        IT IS HEREBY ORDERED that:

1.     The Application is GRANTED.

2.     In accordance with Bankruptcy Code Section 327(a), Debtor is authorized to retain and employ Tonkon Torp LLP as its general counsel in all matters in the above Chapter 11 case as of the Petition Date to perform all of the services set forth in the Application, on the terms set forth in the Application.

3.     Tonkon Torp LLP's compensation shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may be established under Local Rule 2016-1, or as otherwise provided by Court order.

        # # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:    al.kennedy@tonkon.com
                tim.conway@tonkon.com
                michael.fletcher@tonkon.com
                ava.schoen@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties    040202/00003/10181596v1

**Page 2 of 2** - ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 5    Filed 07/16/19

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
**Wall to Wall Tile & Stone, LLC,** ) Case No.  **19-32600-dwh11**
**a Washington limited liability** )
**company,** ) RULE 2014 VERIFIED STATEMENT
Debtor(s) ) FOR PROPOSED PROFESSIONAL
) **(TONKON TORP LLP)**

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

    **Applicant is not a creditor of the Debtor.**

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

**Tonkon currently represents Wells Fargo Bank, NA ("Wells Fargo Bank") in matters unrelated to this case.  Wells Fargo Bank has executed a conflict waiver consenting to Tonkon Torp's representation of the Debtor as the Debtor's general bankruptcy counsel.  As set forth in the consent letter, in the event that there is an issue with the validity, amount, or priority of Wells Fargo Bank's secured claims, Tonkon Torp will not represent the Debtor in challenging the validity, amount or priority of Wells Fargo Bank's secured claims. The Debtor will be required to obtain separate counsel if it wishes to challenge any of Wells Fargo Bank's secured claims.  Tonkon does not represent, and has never represented, Wells Fargo Equipment Finance, Inc.**
**Applicant will supplement this response, if necessary, following completion of Debtor's schedules of assets and liabilities.**

1114 (11/30/09)     Page 1 of 3

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

**Applicant received the following payments from Wall to Wall Tile & Stone, LLC in the year prior to filing of this case: $10,593.50 (2/15/2019); $6,875 (3/27/2019); and $71,931.75 (7/15/2019). Applicant also received a retainer payment from Wall to Wall Tile & Stone, LLC of $100,000 on 7/2/19, the full amount of which is held in Applicant's trust account.**

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

**Tyler Kruckenberg is the 100% owner of Debtor.**
**Tyler Kruckenberg is also the 100% owner of Wall to Wall Tile & Stone, LLC (a Washington limited liability company); Wall to Wall Tile & Stone-Idaho LLC (an Idaho limited liability company); W2W Stone Holdings, LLC (a Washington limited liability company); and Wall to Wall Install Corp. (a Washington corporation).**

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

**No exceptions.**

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

**Wall to Wall Tile & Stone-Oregon LLC (an Oregon limited liability company), filed 7-16-2019, District of Oregon.**
**Wall to Wall Tile & Stone-Idaho LLC (an Idaho limited liability company), filed 7-16-2019, District of Oregon.**

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

**Tyler Kruckenberg provided an unsecured guaranty in the amount of $3,000,000 for the obligations under the Credit Agreement dated 8/21/2018 with Wells Fargo Bank, NA. The balance owed on said Credit Agreement is approximately $6,563,565.03.**

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

**Debtor owes Tyler Kruckenberg (100% owner of Debtor) approximately $126,000. Debtor owes Wall to Wall Stone Holdings, LLC (100% owned by Tyler Kruckenberg) approximately $179,439.94.**

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

**See ATTACHMENT #1.**

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

**None.**

I verify that the above statements are true to the extent of my present knowledge and belief.

                                        **/s/ Timothy J. Conway**
                                               Applicant
                                        **Timothy J. Conway, Partner**

| In re | Case No. | **19-32600-dwh11** |
|---|---|---|

**Wall to Wall Tile & Stone, LLC,**
**a Washington limited liability company,**

**ATTACHMENT #1**

**Debtor, Wall to Wall Tile & Stone, LLC ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC ("Wall to Wall Idaho") are all co-borrowers under a Credit Agreement dated 8/21/2018 with Wells Fargo Bank, NA, with a balance owed of approximately $6,563,565.03.  The obligations under the Credit Agreement are secured by debtor's and co-borrowers' account receivables and other rights to payment, general intangibles, inventory, and equipment.**

**Debtor, Wall to Wall Washington, and Wall to Wall Idaho are all co-borrowers under a Master Loan & Security Agreement with Wells Fargo Equipment Finance, Inc. dated 8/30/2018, with a balance owed of approximately $2,364,748.68.  Debtor's and co-borrowers' obligations are secured by all property described in each loan schedule.**

**Debtor, Wall to Wall Washington, and Wall to Wall Idaho are all co-borrowers under a Loan Agreement and Promissory Note dated 3/1/2019 with Baffco Enterprises, LLC ("Baffco"), with a balance due of $5,000,000.  The obligations under the Promissory Note are secured by debtor's and co-borrowers' personal property, furnishings, fixtures and equipment, general intangibles, accounts, and any and all proceeds of the foregoing.  Baffco is subordinated to Wells Fargo Bank, NA and Wells Fargo Equipment Finance, Inc. pursuant to an agreement dated 3/1/2019.**