1 | Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
   Direct Dial: 503.802.2013
2 | Facsimile: 503.972.3713
   E-Mail: albert.kennedy@tonkon.com
3 | Timothy J. Conway, OSB No. 851752
   Direct Dial: (503) 802-2027
4 | Facsimile: (503) 972-3727
   E-Mail: tim.conway@tonkon.com
5 | Michael W. Fletcher, OSB No. 010448
   Direct Dial: (503) 802-2169
6 | Facsimile: (503) 972-3867
   E-Mail: michael.fletcher@tonkon.com
7 | Ava L. Schoen, OSB No. 044072
   Direct Dial: (503) 802-2143
8 | Facsimile: (503) 972-3843
   E-Mail: ava.schoen@tonkon.com
9 | TONKON TORP LLP
   888 SW Fifth Avenue, Suite 1600
10 | Portland, OR 97204-2099

11 | Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company,<br><br>        Debtor. | Case No. 19-32599-dwh11 |
| In re<br><br>Wall to Wall Tile & Stone, LLC, a Washington limited liability company,<br><br>        Debtor. | Case No. 19-32600-dwh11 |
| In re<br><br>Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company,<br><br>        Debtor. | Case No. 19-32603-dwh11<br><br>**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)**<br><br>*EXPEDITED HEARING REQUESTED* |

**Page 1 of 7** - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Debtors and Debtors-in-Possession Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (together, "Wall to Wall" or "Debtors"), by and through their undersigned counsel, hereby submit this motion pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure for entry of an order directing joint administration and procedural consolidation of the above Chapter 11 Cases. In support of the Motion, Debtors incorporate the statements contained in the Declaration of James Keller in Support of First Day Pleadings filed contemporaneously herewith, and further state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case in this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

2. On July 16, 2019, Debtors commenced voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. Wall to Wall Oregon is an Oregon limited liability company whose principal assets consist of granite and quartz inventory located at a private showroom and warehouse located in Bend, Oregon. Wall to Wall Oregon operates an installation business.

4. Wall to Wall Washington is a Washington limited liability company whose principal assets consist of granite and quartz tabletop inventory located at a showroom and warehouse in Vancouver and Kent, Washington, as well as a corporate office located in Vancouver, Washington. Wall to Wall Washington operates a supply and installation business.

Page 2 of 7 - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

5. Wall to Wall Idaho is an Idaho limited liability company whose principal assets consist of granite and quartz inventory located at a showroom and warehouse in a suburb of Boise, Idaho. Wall to Wall Idaho operates a supply and installation business.

6. Wall to Wall was founded in 2008 in Vancouver, Washington by Tyler Kruckenberg with four employees. Mr. Kruckenberg had 20 years of experience in the stone countertop supply and fabrication industry. He envisioned a large scale advanced manufacturer that could deliver fully integrated solutions offering better selection, price, and service to the market.

7. Wall to Wall has grown to approximately 250 employees and annual sales exceeding $30 million. Wall to Wall's sales are concentrated in granite and quartz countertops. Marble and exotic stones, including soapstone, slate, and limestone are also offered, as are custom stone vanity tops, backsplashes, floor tiles, and other interior surfaces. To complement its array of stone countertop products, Wall to Wall offers several value-added services, including design, project layout, home visitation for digital measurement, customized cutting, and hand finished home installation.

8. As referenced above, the companies operate out of five locations. In Vancouver, Washington, there are two locations: a 44,000 square foot facility that houses distribution, design, engineering, manufacturing, and warehousing and a separate 5,664 square foot corporate office and public showroom. In Boise, Idaho, there is a 37,000 square foot facility that houses manufacturing, distribution, and a public showroom. A public showroom is also located in Kent, Washington and a private showroom for contractors is located in Bend, Oregon.

**RELIEF REQUESTED AND BASIS THEREFOR**

9. By this application, Debtors seek entry of an order directing joint administration and procedural consolidation pursuant to Rule 1015(b) of the Bankruptcy Rules, of the above-captioned Chapter 11 cases. Rule 1015(b) provides, in relevant part:

\* \* \*

**Page 3 of 7** - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

> "If * * * two or more petitions are pending in the same court by * * * a debtor or an affiliate, the court may order a joint administration of the estates."

10. Debtors believe that joint administration of these Chapter 11 cases is warranted because:

 (a) The financial affairs and businesses of Debtors are closely related;

 (b) Administrative and operational services are shared by and among the Debtors;

 (c) Debtors share common management;

 (d) Debtors intend to file a joint plan of reorganization; and

 (e) Entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications and orders, and will thereby save considerable time and expenses for Debtors and result in substantial savings to the respective estates.

11. Joint administration will also permit the clerk to use a single general docket for all Debtors' cases and to combine notices to creditors and other parties-in-interest herein. Joint administration will ensure, in each of Debtors' respective Chapter 11 cases, that each party in interest will be apprised of any matter before the Court in each Chapter 11 case.

12. By reason of the foregoing, Debtors submit that the interests of its creditors, their estates and other parties-in-interest will be best served by joint administration of these cases. Accordingly, Debtors request that the Chapter 11 Cases be administered under a consolidated caption, as follows:

* * *

* * *

* * *

* * *

* * *

**Page 4 of 7** - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re<br><br>Wall to Wall Tile & Stone, LLC,<br>Wall to Wall Tile & Stone-Oregon LLC, and<br>Wall to Wall Tile & Stone-Idaho LLC,<br><br>    Debtors. | Case No. 19-32600-dwh11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-32603-dwh11) |
|---|---|

Debtors submit that use of this caption will eliminate cumbersome and confusing procedures and ensure a uniformity of identification.

1. Furthermore, the rights of each Debtor's respective creditors will not be adversely affected by joint administration of these cases because the relief sought herein is purely procedural at this time, and is not intended to affect substantive rights. The rights of all creditors will be enhanced by reduction in costs resulting from joint administration. This Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Supervision of the administrative aspects of these Chapter 11 cases by the United States Trustee will also be simplified.

2. Debtors also request that an entry be made on the docket of the Wall to Wall Oregon and Wall to Wall Idaho Chapter 11 Cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration and procedural consolidation of the Chapter 11 cases of Wall to Wall Tile & Stone, LLC, a Washington limited liability company, Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company, and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company [ECF No. _____]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Wall to Wall Tile & Stone LLC, Case No. 19-32600-dwh11.

Page 5 of 7 - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

3. In summary, Debtors request that their Chapter 11 cases be jointly administered for procedural purposes to the extent of the following:

(a) One docket shall be maintained for Debtors' cases, under the case number assigned to Wall to Wall Washington. All pleadings, orders, and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are being jointly administered under the case number assigned to Wall to Wall Washington.

(b) The United States Trustee shall conduct joint informal meetings with Debtors, if required, and a joint first meeting of creditors;

(c) Counsel for Debtors shall prepare and maintain one "Consolidated Short Service List" which reflects all parties-in-interest of all Debtors, and shall prepare and maintain a separate "Master Service List" for each Debtor that further meets the requirements of any order the Court may enter in these cases regarding limitation of notice (the "Master Service List" is also known as the "Creditor Mailing List" or "Matrix" which is of record for each of Debtors' cases individually);

(d) Each Debtor shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs, and Lists of Equity Security Holders;

(e) Debtors will file separate Monthly Operating Reports pursuant to Rule 2015 in the form(s) requested by the Unites States Trustee; and

(f) Proofs of claims or interests filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim or interest relates and shall be filed in the case to which such claim or interest relates. Separate claims registers shall be maintained for each Debtor.

4. A copy of the proposed Order Directing Joint Administration Pursuant to FRBP 1015(b) is attached hereto as **Exhibit 1**.

WHEREFORE, Wall to Wall Washington, Wall to Wall Oregon, and Wall to Wall Idaho respectfully request that this Court enter an order, substantially in the form attached

hereto as **Exhibit 1**, authorizing the joint administration and directing procedural consolidation of the above-captioned Chapter 11 cases substantially in the form proposed, and granting such other and further relief as may be just and proper.

DATED this 16th day of July, 2019.

TONKON TORP LLP


By */s/ Ava L. Schoen*
   Albert N. Kennedy, OSB NO. 821429
   Timothy J. Conway, OSB No. 851752
   Michael W. Fletcher, OSB No. 010448
   Ava L. Schoen, OSB No. 044072
   Attorneys for Debtors

**Page 7 of 7** - DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

# EXHIBIT 1

**PROPOSED FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company,<br><br>        Debtor. | Case No. 19-32599-dwh11 |
| In re<br><br>Wall to Wall Tile & Stone, LLC, a Washington limited liability company,<br><br>        Debtor. | Case No. 19-32600-dwh11 |
| In re<br><br>Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company,<br><br>        Debtor. | Case No. 19-32603-dwh11<br><br>**ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)** |

       THIS MATTER having come before the Court upon Debtors' Motion for Order

Directing Joint Administration Pursuant to FRBP 1015(b) (the "Motion") [ECF No. \_\_\_\_\_], a

**Page 1 of 4** - ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

hearing having been held before the Court, and the Court being duly advised in the premises and finding good cause; now, therefore;

IT IS HEREBY ORDERED that:

13. The Motion is GRANTED.

14. The Chapter 11 cases of Wall to Wall Tile & Stone, LLC, Wall to Wall Tile & Stone-Oregon LLC, and Wall to Wall Tile & Stone-Idaho LLC be and hereby are procedurally consolidated and shall be jointly administered by the Court:

15. All pleadings, orders, and other papers shall be captioned with the following style and shall reflect that the cases are jointly administered:

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re<br><br>Wall to Wall Tile & Stone, LLC,<br>Wall to Wall Tile & Stone-Oregon LLC, and<br>Wall to Wall Tile & Stone-Idaho LLC,<br><br>      Debtors. | Case No. 19-19-32600-dwh11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-19-32603-dwh11) |
|---|---|

16. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration and procedural consolidation of the Chapter 11 cases of Wall to Wall Tile & Stone, LLC, a Washington limited liability company, Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company, and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company [ECF No. _____]. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Wall to Wall Tile & Stone LLC, Case No. 19-32600-dwh11.

17. One docket shall be maintained for Debtors' cases, under the case number assigned to Wall to Wall Tile & Stone LLC. All pleadings, orders, and other papers filed shall

**Page 2 of 4** -   ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

be captioned with the style reflected above, and shall reflect that the cases are being jointly administered under the case number assigned to Wall to Wall Tile & Stone LLC.

18. The United States Trustee shall conduct joint informal meetings with Debtors, if required, and a joint first meeting of creditors;

19. Counsel for Debtors shall prepare and maintain one "Consolidated Short Service List" which reflects all parties-in-interest of all Debtors, and shall prepare and maintain a separate "Master Service List" for each Debtor that further meets the requirements of any order the Court may enter in these cases regarding limitation of notice (the "Master Service List" is also known as the "Creditor Mailing List" or "Matrix" which is of record for each of the Debtors' cases individually);

20. Each Debtor shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs, and Lists of Equity Security Holders;

21. Each Debtor shall file separate Monthly Operating Reports pursuant to Rule 2015 in the form(s) requested by the Unites States Trustee; and

22. Proofs of claims or interests filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim or interest relates and shall be filed in the case to which such claim or interest relates. Separate claims registers shall be maintained for each Debtor.

23. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

# # #

**Page 3 of 4** - ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone: 503-221-1440
    Facsimile: 503-274-8779
    E-mail: al.kennedy@tonkon.com
           tim.conway@tonkon.com
           michael.fletcher@tonkon.com
           ava.schoen@tonkon.com
    Attorneys for Debtors

cc: List of Interested Parties

**Page 4 of 4** - ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO FRBP 1015(b)

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 7    Filed 07/16/19