Below is an order of the court.

**Note the court's change by interlineation in red in paragraph 1 on page 6.**

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone, LLC (TIN 9732), Wall to Wall Tile & Stone-Oregon LLC (TIN 1863), and Wall to Wall Tile & Stone-Idaho LLC (TIN 9431),<br><br>                    Debtors. | Case No. 19-32600-dwh11<br>**LEAD CASE**<br><br>(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-32603-dwh11)<br><br>**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL** |

THIS MATTER having come before this Court upon Debtors' Motions for Authority to Use Cash Collateral (the "Motion") [Case No. 19-32600-dwh11 ECF No. 14; Case No. 19-32599-dwh11 ECF No. 15; Case No. 19-32603-dwh11 ECF No. 14] seeking interim authority to use cash collateral. The Court, having reviewed the files and records herein, and having considered the presentations of counsel, finds and concludes the following:

      A.    On July 16, 2019 (the "Petition Date"), Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code.

      B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions,

**Page 1 of 10** - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

and the Court has authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

C.  On or about August 21, 2018, Wells Fargo Bank, National Association (hereinafter referred to as "Wells Fargo") extended a revolving line of credit (the "Wells Fargo Line of Credit") to Debtors, evidenced, in part, by that certain Credit Agreement dated as of August 21, 2018, in the stated principal amount of $8,000,000 (the "Credit Agreement"), plus accrued interest at a fluctuating per annum rate of 1.70% above daily one-month LIBOR, as provided by that certain Revolving Line of Credit Note executed by Debtors in favor of Wells Fargo and dated as of August 21, 2018 (the "Note").

D.  Debtors' obligations under the Wells Fargo Line of Credit are secured by a security interest in and to all of Debtors' presently owned and thereafter acquired inventory, accounts, general intangibles, rights to payment, and equipment, together with all proceeds of the foregoing (as more fully described in a Security Agreement: Business Assets dated as of August 21, 2018, the "Wells Fargo Collateral").

E.  Wells Fargo filed a UCC-1 financing statement with the Washington Department of Licensing on August 31, 2018, under file number 2018-243-0348-7, naming Wall to Wall Tile & Stone LLC as the debtor with respect to the following described collateral:

> All accounts, chattel paper, instruments, documents, general intangibles and other rights to payment of every kind now or at any time hereafter arising out of the business of Debtors, and all goods returned by or repossessed from Debtors' customers; all inventory, raw materials, component parts, work in process and/or materials now or at any time hereafter used or consumed in Debtors' business, and all warehouse receipts, bills of lading and other documents evidencing goods now owned or hereafter acquired by Debtors, and all goods covered thereby, including all accessions, additions and improvements thereto and products thereof, wherever located, whether in the possession of Debtors or any warehouseman, bailee or any other person, or in process of delivery, and all goods, tools, machinery, furnishings, furniture and other equipment of Debtors now owned or hereafter acquired, wherever located, and all proceeds of any of the foregoing, whether arising from the sale, lease or other use or disposition thereof, including without limitation, all rights to payment with

**Page 2 of 10** -  ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

> respect to any insurance, including returned premiums, or any
> cause of action relating to any of the foregoing, all proceeds of any
> of the foregoing, whether arising from the sale, lease or other use
> or disposition thereof, including without limitation, all rights to
> payment with respect to any insurance, including returned
> premiums, or any cause of action relating to any of the foregoing.

Wells Fargo also filed a UCC-1 financing statement with the Oregon Secretary of State on September 4, 2018, under file number 91660781, naming Wall to Wall Tile & Stone-Oregon LLC as the debtor, with the same collateral description. Wells Fargo also filed a UCC-1 financing statement with the Idaho Secretary of State on August 30, 2018, under file number 2018-1219879-0, naming Wall to Wall Tile & Stone-Idaho LLC as the debtor, with the same collateral description.

F. The Credit Agreement and all other documents, instruments, amendments, modifications, and agreements relating to the Wells Fargo Line of Credit are collectively referred to herein as the "Wells Fargo Loan Documents."

G. Based on Debtors' defaults, Wells Fargo accelerated the maturity of all of Debtors' obligations under the Wells Fargo Line of Credit on June 25, 2019. Debtors remain indebted to Wells Fargo for the unpaid principal balance owing on the Credit Agreement in the amount of $6,563,565.03, plus interest through July 12, 2019 in the amount of $16,173.18, together with attorney's fees, costs, and other expenses owing under the Credit Agreement (collectively, the "Prepetition Wells Fargo Debt").[1]

H. On or about August 30, 2018, Wells Fargo Equipment Finance, Inc. (hereinafter referred to as "WFEFI") extended a loan (the "WFEFI Loan") to Debtors, evidenced, in part, by that certain Master Loan and Security Agreement (the "Loan Agreement") and a Loan Schedule to Master Loan and Security Agreement, both dated as of August 30, 2018, in the stated principal amount of $2,493,831.78, plus accrued interest at a per annum rate of 4.36%. On or about April 30, 2019, WFEFI advanced additional amounts on the WFEFI Loan pursuant to a second

---

[1] Wells Fargo also has claims against Debtors arising out of their outstanding obligations to Wells Fargo under a commercial credit card account.

Page 3 of 10 - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

Loan Schedule to Master Loan and Security Agreement dated as of April 30, 2019, in the stated principal amount of $309,433.45, plus accrued interest at a per annum rate of 5.98%.

I. Debtors' obligations under the WFEFI Loan are secured by a security interest in and to all of Debtors' presently owned and thereafter acquired inventory, accounts, general intangibles, rights to payment, and equipment, together will all products and proceeds of the foregoing (as more fully described in a Security Agreement dated as of August 30, 2018, the "WFEFI Collateral").

J. WFEFI filed a UCC-1 financing statement with the Washington Department of Licensing on August 31, 2018, under file number 2018-243-0310-4, naming Wall to Wall Tile & Stone, LLC as the debtor with respect to the following described collateral: all assets now owned or hereafter acquired. WFEFI also filed a UCC-1 financing statement with the Oregon Secretary of State on August 31, 2018, under file number 91658794, naming Wall to Wall Tile & Stone–Oregon LLC as the debtor, with the same collateral description. WFEFI also filed a UCC-1 financing statement with the Idaho Secretary of State on August 31, 2018, under file number 2018-1219923-3, naming Wall to Wall Tile & Stone–Idaho LLC as the debtor, with the same collateral description.

K. The Loan Agreement and all other documents, instruments, amendments, modifications, and agreements relating to the WFEFI Loan are collectively referred to herein as the "WFEFI Loan Documents."

L. Debtors remain indebted to WFEFI for the unpaid principal balance owing on the Loan Agreement in the amount of $2,309,952.38, plus interest through July 15, 2019 in the amount of $5,108.23, together with attorney's fees, costs, and other expenses owing under the Loan Agreement (collectively, the "Prepetition WFEFI Debt").

M. Debtors admit that the Prepetition Wells Fargo Debt and the Prepetition WFEFI Debt constitute legal, valid, and binding obligations of Debtors, enforceable in accordance with their respective terms (other than in respect of the stay of enforcement arising under Bankruptcy

Page 4 of 10 - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

Code § 362), that no offsets, defenses, or counterclaims to the Prepetition Wells Fargo Debt or the Prepetition WFEFI Debt exist, and that no portion of the Prepetition Wells Fargo Debt or the Prepetition WFEFI Debt is subject to avoidance, recharacterization, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law. Debtors also admit that Wells Fargo liens on and security interests in the Wells Fargo Collateral (the "Prepetition Wells Fargo Liens") and the WFEFI liens on and security interests in the WFEFI Collateral (the "Prepetition WFEFI Liens") constitute valid, binding, enforceable, and perfected liens on and security interests in, respectively, the Wells Fargo Collateral and the WFEFI Collateral, and that such liens and security interests are not subject to avoidance or subordination. The foregoing admissions are without prejudice to the right of any Official Committee of Unsecured Creditors or any other party-in-interest in this Chapter 11 case or by any Chapter 7 Trustee, to challenge the amounts of the Prepetition Wells Fargo Debt or the Prepetition WFEFI Debt, or the validity, enforceability, perfection, or priority of the Wells Fargo and WFEFI liens on and security interests in the Wells Fargo Collateral and the WFEFI Collateral, or to assert that the prepetition Wells Fargo Debt or the WFEFI Debt is subject to avoidance, restructuring, or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

N. Debtors admit that all of Debtors' cash, including, but not limited to, cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral"), is cash collateral of Wells Fargo and WFEFI within the meaning of 11 U.S.C. § 363(a).

O. Debtors require the immediate use of Cash Collateral to minimize disruption to, and avoid termination of, its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rule 4001(b)(2). Debtors propose to use Cash Collateral pursuant to the terms set forth herein and the budget attached hereto as **Exhibit A** (the "Interim Budget"). Debtors have requested that Wells Fargo and WFEFI consent to Debtors' use of its Cash Collateral, and Wells Fargo and WFEFI have agreed to do so, but only on the terms set forth in this Order.

**Page 5 of 10** - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

Now, based upon the foregoing, IT IS HEREBY ORDERED as follows:

1. Debtors are hereby authorized, on an interim basis, to use Cash Collateral to fund the reasonable, necessary, and ordinary costs and expenses of its operations through the date that is the earlier of (a) August _5_, 2019, or (b) entry of a subsequent order of the Court terminating Debtors' authority to use Cash Collateral, but only in accordance with the terms of this Order and the Interim Budget.

2. Debtors shall be in compliance with their obligations related to the Interim Budget so long as (a) the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than 10% for any given month, and on a cumulative basis; and (b) the amount of the line item in the Interim Budget for "Availability (Over-Advance)" does not deteriorate by more than 10% for any given month (the "Variances"). The Variances may be increased by amounts necessary to fund Debtors' operations with the prior written consent of Wells Fargo and WFEFI and without further order of the Court. Debtors shall otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court. On or before 10 days after the end of each month, Debtors shall deliver to Wells Fargo and WFEFI a report comparing, on a line item and aggregate basis, Debtors' actual performance to the Interim Budget.

3. Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, as and for adequate protection for Debtors' use of Cash Collateral, Wells Fargo and WFEFI are each hereby granted valid, binding, enforceable, and perfected security interests and liens in the same priority as, respectively, the Prepetition Wells Fargo Liens and the Prepetition WFEFI Liens in and to all personal property of Debtors, whether now owned or hereafter acquired and wherever located, that is of the same type of personal property as, respectively, the Wells Fargo Collateral and the WFEFI Collateral, and all rents, profits, and other proceeds thereof (the "Replacement Liens"). The Replacement Liens are in addition to the Prepetition Wells Fargo Liens and the Prepetition WFEFI Liens, and shall remain in full force and effect notwithstanding any

Page 6 of 10 - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

subsequent conversion or dismissal of this case.  The granting of such Replacement Liens shall be in addition to Wells Fargo and WFEFI's respective rights in the Wells Fargo Collateral and the WFEFI Collateral, and nothing herein shall constitute a waiver of Wells Fargo and WFEFI's respective rights in the Wells Fargo Collateral and the WFEFI Collateral.  The Replacement Liens shall be senior in priority to any and all liens or security interests in the assets of Debtors and their estates, whenever granted.  Granting these Replacement Liens to Wells Fargo and WFEFI is for the purpose of providing adequate protection to Wells Fargo and WFEFI to protect their respective allowed secured claims as of the Petition Date and is not intended, nor shall it be deemed, to improve the collateral position of either of them as of the Petition Date.

4. The Replacement Liens shall be valid, perfected, and enforceable security interests and liens on the personal property of Debtors without further filing or recording of any document or instrument or any other action.  Notwithstanding the foregoing, if Wells Fargo or WFEFI desires to take any action or record or file any instrument or document for the purpose of evidencing or perfecting the Replacement Liens, then (a) Debtors shall fully cooperate with Wells Fargo and/or WFEFI in doing so; and (b) the automatic stay shall be, and hereby is, modified to permit Wells Fargo and/or WFEFI to take such actions.

5. As additional adequate protection to Wells Fargo, Debtors shall make monthly payments to Wells Fargo in the amount of $23,000, commencing on July 31, 2019, and continuing monthly thereafter on the last day of each month.  As additional adequate protection to WFEFI, Debtors shall make monthly payments to WFEFI (a) in the amount of $7,264.22, commencing on July 19, 2019, and continuing monthly thereafter on the 15th day of each month; and (b) in the amount of $56,620.04, commencing on July 31, 2019, and continuing monthly thereafter on the last day of each month.

6. Debtors shall otherwise comply in all respects with the provisions of the Wells Fargo Loan Documents and the WFEFI Loan Documents to the extent practicable and consistent with the Bankruptcy Code and Bankruptcy Rules, including, but not limited to,

Page 7 of 10 -   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

maintenance of the Wells Fargo Collateral and the WFEFI Collateral and insurance (including all property and casualty risks).

7. This Order shall not constitute a waiver by Wells Fargo or WFEFI of any of their respective rights under the Wells Fargo Loan Documents or the WFEFI Loan Documents, the Bankruptcy Code, or other applicable law including, without limitation, (a) Wells Fargo and WGEFI's rights to later assert that, notwithstanding the terms and provisions of this Order, any of their interests in, respectively, the Wells Fargo Collateral and the WFEFI Collateral lack adequate protection within the meaning of Bankruptcy Code §§ 362(d)(1) or 363(e); or (b) Wells Fargo and WFEFI's rights to assert a claim under Bankruptcy Code Sections 506(b) and/or 507(b). Any rights granted to Wells Fargo or WFEFI in this Order are in addition to, and not intended as a waiver or substitution for, any rights, remedies, liens, or security interests granted to them, respectively, under the Wells Fargo Loan Documents and the WFEFI Loan Documents, or the right to adequate protection under Bankruptcy Code Section 363. Wells Fargo or WFEFI's failure, at any time or hereafter, to require strict performance by Debtors (or by any trustee) of any provision of this Order shall not waive, affect, or diminish any right of either of them thereafter to demand strict compliance and performance therewith. No delay on the part of Wells Fargo or WFEFI in the exercise of any right or remedy under, respectively, the Wells Fargo Loan Documents or the WFEFI Loan Documents, or under this Order, shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.

8. Debtors shall permit representatives, agents, and/or employees of Wells Fargo and WFEFI to have reasonable access to their premises and to their records during normal business hours (without unreasonable interference with the proper operation of Debtors' business), and shall cooperate, consult with, and provide to such persons all such nonprivileged information as they may reasonably request.

**Page 8 of 10** - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

9. The authority of Debtors to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (each, a "Change Event") (a) Debtors' material breach of this Order or the Interim Budget that is not cured within five business days after written notice to counsel for Debtors; (b) entry of an order that stays, reverses, vacates, or modifies this Order in any material respect without the prior written consent of Wells Fargo and WFEFI, unless such order otherwise provides; (c) conversion of Debtors' case to a case under Chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this Chapter 11 case. Upon the occurrence of a Change Event, Wells Fargo and WFEFI shall each have the right to note a hearing before this Court seeking such relief as either of them may deem appropriate upon five business days' notice to (i) counsel for Debtors; (ii) counsel for any statutory committee appointed herein, or if no such committee has been appointed, then to the 20 largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

10. The provisions of this Order shall be binding on any trustee appointed by the Court in either this case or upon the conversion of this case to one under Chapter 7.

11. This Order shall be effective as of the date of entry by the Court.

IT IS FURTHER ORDERED that a continued hearing on Debtors' Motion shall be held by the Court in Courtroom 3 of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Ave., #700, Portland, Oregon 97204 on August 5, 2019, at 10:00 a.m. or via telephone number 1-888-684-8852, access code 5870400# (although testimony will not be permitted by telephone) before the Honorable David W. Hercher. By July 19, 2019, Debtors shall mail or otherwise serve a copy of this Order, together with a notice of the further hearing.

# # #

**Page 9 of 10** - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By */s/ Timothy J. Conway*
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone: 503-221-1440
    Facsimile: 503-274-8779
    E-mail: al.kennedy@tonkon.com
              tim.conway@tonkon.com
              michael.fletcher@tonkon.com
              ava.schoen@tonkon.com
    Attorneys for Debtors

cc:    List of Interested Parties

040202/00003/10190190v1

**Page 10 of 10** - ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

# EXHIBIT A

## Interim Budget

# Wall to Wall Tile and Stone, LLC

**NOTES AND ASSUMPTIONS**
13 WEEK FORECAST - July 16, 2019 - October 13, 2019
Petition Date July 16, 2019

1. This analysis has been prepared solely from the information obtained from management. We have based estimates and projections based on on-site visit discussions, interviews with management personnel, and obtaining management prepared reports. Accordingly, actual results may be materially different than projected herein.

2. Analysis reflects cash receipts based on historical amounts provided by management, forecast sales and recent DSO.

3. Operating expenses included are based on the annual 2018 and May Y-T-D 2019 income statements, adjusted for the anticipated changes in revenues, and adjusted for seasonality based on 2018 results. Specific items have been adjusted as necessary to reflect fixed costs not driven by revenues or other cost reduction measures.

4. Analysis assumes vendor deposits will be required in week 1 totaling $150,000.

5. Analysis anticipates Wells Fargo equipment loan payments will continue during forecast period.

6. Analysis assumes LOC is frozen and company will utilize cash collateral during the bankruptcy.

7. Professional fees for debtors counsel, unsecured creditors counsel and EHI will only be paid after court approval and after the end of the initial 13-week forecast period. Debtors counsel fees are estimated at $300,000 of which $100,000 has been disbursed as a pre-petition retainer. Unsecured creditors counsel fees are estimated at $50,000. EHI fees are estimated at $300,000 of which $100,000 has been disbursed as a pre-petition retainer.

8. Cash receipts are estimated by management, consistent with historical payment patterns reflecting customer terms of payment due by 10th of the month.

9. Payroll and benefits expense assumes cost is equivalent to the June 14, 2019 payroll based on the current payroll bi-weekly with specific adjustments provided by management. Analysis estimates employer payroll taxes accrue at a 12% rate.

10. Medical & Dental benefit costs are the same as incurred in May 2019 and are paid the last week of the coverage month. Washington Quarterly Workers Compensation liability is $280,000, paid 3 weeks after the end of the calendar quarter. The Oregon and Idaho workers compensation liability is paid monthly.

11. Analysis assumes all personal property taxes are current and there are no amounts due and payable during the 13 week forecast time frame.

12. Analysis assumes bank will receive adequate protection payments at LIBOR base rate of approximately 4.1% per annum and there is no rate adjustment for default.

13. Management does not plan to make any capital expenditures during the 13 week forecast period.

14. U.S. Trustee Fees at 1% of quarterly disbursements are not included in the initial 13-week forecast. The first payment will be due on October 31, 2019 and is estimated to be approximately $77,000.

15. The company has secured Post Petition Financing for $850,000.00 for this 13 week period, subject to Bankruptcy Court approval.

**Exhibit A**
**1 of 3**

Disclaimer: These projections are based on historical data supplied by debtor and estimates made by debtor management and EHI. Material changes in this data or estimates may substantially alter the findings. See Assumptions and notes.

Wall to Wall - 13 week forecast model v8.2
Page1

Case 19-32600-dwh11    Doc 30    Filed 07/18/19

**Wall to Wall Tile and Stone, LLC**
ESTIMATED CASH FLOW FORECAST POST-PETITION
13 WEEK ROLLING - July 16, 2019 - October 13, 2019

| For the weeks ending: | 7/16 - 7/21/2019 | 7/28/2019 | 8/4/2019 | 8/11/2019 | 8/18/2019 | 8/25/2019 | 9/1/2019 | 9/8/2019 | 9/15/2019 | 9/22/2019 | 9/29/2019 | 10/6/2019 | 10/13/2019 | TOTAL POST-PETITION 13 WEEKS PROJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DAY/WEEK #: | WEEK 1 | WEEK 2 | WEEK 3 | WEEK 4 | WEEK 5 | WEEK 6 | WEEK 7 | WEEK 8 | WEEK 9 | WEEK 10 | WEEK 11 | WEEK 12 | WEEK 13 | |
| DATE: | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | PROJECTED | |
| Sales | 649,524 | 649,524 | 639,349 | 624,087 | 624,087 | 624,087 | 624,087 | 557,002 | 696,253 | 696,253 | 696,253 | 649,504 | 637,817 | 8,367,829 |
| Beginning Cash Balance | 657,511 | 1,230,626 | 568,647 | 414,685 | 226,648 | 780,965 | 523,471 | 503,188 | 262,390 | 781,444 | 486,550 | 675,829 | 226,069 | 657,511 |
| Cash Receipts | 1,500,000 | 650,000 | 400,000 | 600,000 | 900,000 | 600,000 | 500,000 | 500,000 | 900,000 | 600,000 | 550,000 | 500,000 | 800,000 | 9,000,000 |
| Cash Disbursements | (926,885) | (1,311,979) | (553,962) | (788,037) | (345,683) | (857,494) | (520,283) | (740,798) | (380,947) | (894,893) | (360,721) | (949,760) | (318,059) | (8,949,501) |
| Ending Cash Balance | 1,230,626 | 568,647 | 414,685 | 226,648 | 780,965 | 523,471 | 503,188 | 262,390 | 781,444 | 486,550 | 675,829 | 226,069 | 708,010 | 708,010 |
| **CASH RECEIPTS:** | | | | | | | | | | | | | | |
| Accounts Receivable | 750,000 | 650,000 | 400,000 | 500,000 | 900,000 | 600,000 | 500,000 | 500,000 | 900,000 | 600,000 | 550,000 | 500,000 | 800,000 | 8,150,000 |
| Post-petition Financing | 750,000 | | | 100,000 | | | | | | | | | | 850,000 |
| TOTAL CASH RECEIPTS | 1,500,000 | 650,000 | 400,000 | 600,000 | 900,000 | 600,000 | 500,000 | 500,000 | 900,000 | 600,000 | 550,000 | 500,000 | 800,000 | 9,000,000 |
| **CASH DISBURSEMENTS:** | | | | | | | | | | | | | | |
| **COST OF GOODS SOLD:** | | | | | | | | | | | | | | |
| MATERIAL PURCHASES | 544,857 | 344,857 | 291,805 | 187,226 | 187,226 | 187,226 | 187,226 | 167,101 | 208,876 | 208,876 | 208,876 | 194,851 | 191,345 | 3,110,349 |
| TOTAL COST OF GOODS SOLD | 544,857 | 344,857 | 291,805 | 187,226 | 187,226 | 187,226 | 187,226 | 167,101 | 208,876 | 208,876 | 208,876 | 194,851 | 191,345 | 3,110,349 |
| **OPERATING COSTS:** | | | | | | | | | | | | | | |
| PAYROLL, PAYROLL TAXES, PAYROLL FEES | | 556,372 | | 513,847 | | 513,847 | | 513,847 | | 513,847 | | 513,847 | | 3,125,607 |
| INSURANCE - W/C & HEALTH | | 345,000 | 1,100 | 8,900 | | | 66,100 | | 8,900 | | 65,000 | 1,100 | 8,900 | 505,000 |
| VEHICLE | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 11,500 | 149,500 |
| SUPPLIES | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 325,000 |
| INSURANCE - PROPERTY/LIABILITY | 38,093 | | | | 38,093 | | | | 38,093 | | | | | 114,279 |
| FF&E LEASE/RENTAL | | | 3,000 | | | | 3,000 | | | | 3,000 | | | 9,000 |
| FF&E NON-CAP, R&M | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 3,800 | 49,400 |
| CUSTOMER SITE OVERHEAD | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 19,500 |
| LANDING COSTS - FOREIGN SERVICES | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 78,000 |
| FACILITY RENT & CAM's | | | 100,492 | 18,214 | | | 100,492 | | 18,214 | | | 100,492 | 18,214 | 356,117 |
| FACILITY REPAIR & MAINTENANCE | 400 | 400 | 400 | 400 | 400 | 400 | | 400 | 400 | 400 | 400 | 400 | 400 | 5,200 |
| UTILITIES | 13,500 | | | | 13,500 | | | | | 13,500 | | | | 40,500 |
| FACILITY SERVICES | 27,200 | | | | | 27,200 | | | | 27,200 | | | | 81,600 |
| TAXES, FEES, LICENSES | 25,500 | 500 | 500 | 500 | 500 | 25,500 | 500 | 500 | 500 | 25,500 | 500 | 500 | 500 | 81,500 |
| TRAVEL, M&E | 12,500 | | 12,500 | | 12,500 | | 12,500 | | 12,500 | | 12,500 | | 12,500 | 87,500 |
| COMMUNICATION | | | | | 13,500 | | | | 13,500 | | | | 13,500 | 40,500 |
| POSTAGE & DELIVERY | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 575 | 7,475 |
| CREDIT CARD MERCHANT FEES | | | | | 8,500 | | | | 8,500 | | | 8,500 | | 25,500 |
| OUTSIDE SERVICES | 1,675 | 425 | 1,675 | 425 | 1,675 | 425 | 1,675 | 425 | 1,675 | 2,675 | 1,675 | 425 | 1,675 | 16,525 |
| EMPLOYEE TRAINING, CONFERENCES, DUES & SUBSCRIP | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,950 |
| COMPUTER SYSTEMS | | 5,900 | 4,345 | | 1,000 | | 10,245 | | 1,000 | | 10,245 | | 1,000 | 33,735 |
| ADVERTISING & MARKETING | 3,000 | | | | 3,000 | | | | 3,000 | | | | 3,000 | 12,000 |
| DEPOSITS & PREPAYS | 150,000 | | | | | | | | | | | | | 150,000 |
| LEGAL FEES | | | | | | | | | | | | | | - |
| EHI FEES | | | | | | | | | | | | | | - |
| ADEQUATE PROTECTION PAYMENT | | | 23,000 | | | | 23,000 | | | | | 23,000 | | 69,000 |
| TOTAL OPERATING EXPENSES | 320,393 | 957,122 | 195,537 | 590,811 | 141,193 | 615,897 | 266,437 | 563,697 | 154,807 | 631,647 | 141,845 | 688,289 | 116,714 | 5,384,388 |
| **ADDITIONAL CASH OUTFLOWS** | | | | | | | | | | | | | | |
| ASSET PURCHASES | | | | | | | | | | | | | | - |
| LOAN PAYMENTS - WELLS FARGO EQUIPMENT FINANCE | 7,264 | | 56,620 | | | | 56,620 | | 7,264 | | | 56,620 | | 191,653 |
| LOAN PAYMENTS - ENTERPRISE | 44,371 | | | | 7,264 | 44,371 | | | 7,264 | 44,371 | | | | 133,112 |
| MISCELLANEOUS | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 130,000 |
| US TRUSTEE FEES | | | | | | | | | | | | | | - |
| TOTAL ADDITIONAL CASH OUTFLOWS | 61,635 | 10,000 | 66,620 | 10,000 | 17,264 | 54,371 | 66,620 | 10,000 | 17,264 | 54,371 | 10,000 | 66,620 | 10,000 | 454,765 |
| TOTAL CASH DISBURSEMENTS | 926,885 | 1,311,979 | 553,962 | 788,037 | 345,683 | 857,494 | 520,283 | 740,798 | 380,947 | 894,893 | 360,721 | 949,760 | 318,059 | 8,949,501 |
| NET CASH INFLOW/(OUTFLOW) | 573,115 | (661,979) | (153,962) | (188,037) | 554,317 | (257,494) | (20,283) | (240,798) | 519,053 | (294,893) | 189,279 | (449,760) | 481,941 | 50,499 |
| **PROJECTED LOC BALANCE** | | | | | | | | | | | | | | |
| BEGINNING LOC BALANCE | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 |
| Less: Collections Received | | | | | | | | | | | | | | - |
| Plus: Cash disbursements | | | | | | | | | | | | | | - |
| ENDING LOC BALANCE | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 |
| AVAILABILITY (OVER-ADVANCE) | (803,281) | (747,830) | (528,752) | (437,809) | (655,977) | (649,145) | (567,313) | (494,537) | (743,013) | (683,356) | (586,199) | (457,853) | (583,993) | |

Disclaimer: These projections are based on historical data supplied by debtor and estimates made by debtor management and EHI. Material changes in this data or estimates may substantially alter the findings. See attached List of assumptions and notes.

**Exhibit A**
**2 of 3**

**Wall to Wall Tile and Stone LLC**
Forecast Collateral Coverage
13 Week Rolling

| | | 7/21/2019 WEEK 1 PROJECTED | 7/28/2019 WEEK 2 PROJECTED | 8/4/2019 WEEK 3 PROJECTED | 8/11/2019 WEEK 4 PROJECTED | 8/18/2019 WEEK 5 PROJECTED | 8/25/2019 WEEK 6 PROJECTED | 9/1/2019 WEEK 7 PROJECTED | 9/8/2019 WEEK 8 PROJECTED | 9/15/2019 WEEK 9 PROJECTED | 9/22/2019 WEEK 10 PROJECTED | 9/29/2019 WEEK 11 PROJECTED | 10/6/2019 WEEK 12 PROJECTED | 10/13/2019 WEEK 13 PROJECTED | TOTAL 13 WEEKS PROJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Revolver Loan Balance | | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | |
| Less: Collections Received | | | | | | | | | | | | | | | |
| Plus: Advances | | | | | | | | | | | | | | | |
| Ending Revolver Loan Balance | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | 6,563,565 | |
| | | | | | | | | | | | | | | | |
| Total Available Collateral | | 5,760,284 | 5,815,735 | 6,034,813 | 6,125,756 | 5,907,588 | 5,914,420 | 5,996,252 | 6,069,028 | 5,820,552 | 5,880,209 | 5,977,366 | 6,105,712 | 5,979,572 | |
| (Over) Available Advance | | (803,281) | (747,830) | (528,752) | (437,809) | (655,977) | (649,145) | (567,313) | (494,537) | (743,013) | (683,356) | (586,199) | (457,853) | (583,993) | |
| | | | | | | | | | | | | | | | |
| Available Collateral: | | | | | | | | | | | | | | | |
| Beginning Accounts Receivable | | 2,255,749 | 2,155,273 | 2,154,797 | 2,404,320 | 2,543,670 | 2,267,757 | 2,267,757 | 2,291,844 | 2,415,932 | 2,540,019 | 2,197,021 | 2,293,274 | 2,439,527 | 2,635,780 |
| Plus: Sales | | 649,524 | 649,524 | 649,524 | 639,349 | 624,087 | 624,087 | 624,087 | 624,087 | 624,087 | 557,002 | 696,253 | 696,253 | 649,504 |
| Less: Collections | Bal 7/15/19 | (750,000) | (650,000) | (400,000) | (500,000) | (900,000) | (600,000) | (500,000) | (500,000) | (900,000) | (600,000) | (550,000) | (500,000) | (800,000) |
| Ending Accounts Receivable | 2,255,749 | 2,155,273 | 2,154,797 | 2,404,320 | 2,543,670 | 2,267,757 | 2,291,844 | 2,415,932 | 2,540,019 | 2,197,021 | 2,293,274 | 2,439,527 | 2,635,780 | 2,485,284 |
| Less: Ineligibles | | | | | | | | | | | | | | | |
| Qualifying Accounts Receivable | | 2,155,273 | 2,154,797 | 2,404,320 | 2,543,670 | 2,267,757 | 2,291,844 | 2,415,932 | 2,540,019 | 2,197,021 | 2,293,274 | 2,439,527 | 2,635,780 | 2,485,284 |
| Advance Rate | | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% | 75% |
| Available Accounts Receivable | | 1,616,455 | 1,616,097 | 1,803,240 | 1,907,752 | 1,700,818 | 1,718,883 | 1,811,949 | 1,905,014 | 1,647,766 | 1,719,956 | 1,829,645 | 1,976,835 | 1,863,963 |
| | | | | | | | | | | | | | | | |
| Available Inventory | | | | | | | | | | | | | | | |
| Beginning Inventory | | 8,884,490 | 9,208,509 | 9,332,528 | 9,403,495 | 9,373,342 | 9,348,379 | 9,323,415 | 9,298,452 | 9,253,363 | 9,272,858 | 9,245,008 | 9,217,158 | 9,175,283 |
| Receipts | | 544,857 | 344,857 | 291,805 | 187,226 | 187,226 | 187,226 | 187,226 | 167,101 | 208,876 | 208,876 | 208,876 | 194,851 | 191,345 |
| Cost of Materials Sold | Bal 7/15/19 | (220,838) | (220,838) | (220,838) | (217,379) | (212,190) | (212,190) | (212,190) | (212,190) | (189,381) | (236,726) | (236,726) | (236,726) | (220,831) |
| Ending Inventory | 8,884,490 | 9,208,509 | 9,332,528 | 9,403,495 | 9,373,342 | 9,348,379 | 9,323,415 | 9,298,452 | 9,253,363 | 9,272,858 | 9,245,008 | 9,217,158 | 9,175,283 | 9,145,797 |
| Less: Ineligibles | | | | | | | | | | | | | | | |
| Qualifying Inventory | | 9,208,509 | 9,332,528 | 9,403,495 | 9,373,342 | 9,348,379 | 9,323,415 | 9,298,452 | 9,253,363 | 9,272,858 | 9,245,008 | 9,217,158 | 9,175,283 | 9,145,797 |
| Advance Rate | | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% | 45% |
| Available Inventory | | 4,143,829 | 4,199,638 | 4,231,573 | 4,218,004 | 4,206,770 | 4,195,537 | 4,184,303 | 4,164,013 | 4,172,786 | 4,160,253 | 4,147,721 | 4,128,877 | 4,115,608 |

# LIST OF INTERESTED PARTIES

*In re Wall to Wall Tile & Stone, LLC*
**U.S. Bankruptcy Court Case No. 19-32600-dwh11**

*In re Wall to Wall Tile & Stone-Oregon LLC*
**U.S. Bankruptcy Court Case No. 19-32599-dwh11**

*In re Wall to Wall Tile & Stone-Idaho LLC*
**U.S. Bankruptcy Court Case No. 19-32603-dwh11**

## ECF PARTICIPANTS

- TIMOTHY J CONWAY   tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com
- MICHAEL W FLETCHER   michael.fletcher@tonkon.com, leslie.hurd@tonkon.com;spencer.fisher@tonkon.com
- ALBERT N KENNEDY   al.kennedy@tonkon.com, leslie.hurd@tonkon.com; spencer.fisher@tonkon.com
- AVA L SCHOEN   ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- BRAD T SUMMERS   summerst@lanepowell.com, docketing-pdx@lanepowell.com;holleym@lanepowell.com
- US TRUSTEE, PORTLAND   USTPRegion18.PL.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**SECURED CREDITORS**

Baffco Enterprises, LLC
POB 1683
Brush Prairie, WA 98606

Enterprise FM Trust
20400 SW Teton Ave.
Tualatin, OR 97062

**PROPERTY TAX ENTITIES**

Clark County Treasurer
POB 9808
Vancouver, WA 98666-8808

King County Assessments Dept.
500 4th Ave. S. #708
Seattle, WA 98104

Ada County Assessor
190 E. Front St. #107
Boise, ID 83702

Deschutes County Tax Collector
POB 7559
Bend, OR 97701

**TOP 20 UNSECURED CREDITORS**

Cosmos Granite (West), LLC
Susman Godfrey L.L.P.
Attn: Rachel S. Black
1201 Third Ave. #3800
Seattle WA 98101

Cosentino
355 Alhambra Circle, #1000
Coral Gables, FL 33134

Batholite Natural Stone
Attn: Harishu Koya, Registered Agent
302 Well Spring Ct.
Hockessin, DE 19707

Fortuna Granitos Corp.
12614 Torbay Dr.
Boca Raton, FL 33428

Caesarstone
1401 W. Morehead St., #100
Charlotte, NC 28208

American Express
POB 981535
El Paso, TX 79998

Loyalty Enterprise Dev. Co. Ltd
c/o Green & Norwood PLLC
Attn: Matthew D. Green
2722 Eastlake Ave E, #350
Seattle WA 98102

Washington State Dept. of
  Labor & Industries
POB 44000
Olympia, WA 98504-4000

MS International, Inc.
5930 4th Ave. S.
Seattle, WA 98108

Pental Granite & Marble
Attn: Mary Beth Ellis
3900 A Industry Drive E
Fife, WA 98424

GranQuartz
Attn: Tammy Doss
POB 1767
Norcross, GA 30093

Stone Profit Systems, Inc.
U.S. Marketing & Sales Office
1629 North Ashland
Chicago, IL 60622

Carson Oil
PO Box 6030
Portland, OR 97228

Bedrosians Tile & Stone
Attn: Gerard, Credit Department
4285 N Goldenstate Blvd.
Fresno, CA 93722

Heffernan Insurance Brokers
POB 4006
Walnut Creek, CA 94596

Daltile
Attn: Jennifer Bliss
540 S. Front Street
Seattle, WA 98108

Lackmond Products
POB 2045
Kennesaw, GA 30156

Columbia Bank
1301 A St. #100
Tacoma WA 98402

Ferguson Enterprises, Inc.
Attn: Credit Department
2250 N Columbia Blvd.
Portland, OR 97217

Resolution Strategies LLP
515 NW Saltzman Rd., #909
Portland, OR 97229

**UTILITIES**

Waste Connections
Waste Connections of
  Washington, Inc
Vancouver District
12115 NE 99th St., #1830
Vancouver, WA 98682

Clark Public Utilities
POB 8989
Vancouver, WA 98668

040202/00003/10190190v1

Vancouver City Water
Public Works Administration
4500 SE Columbia Way
Vancouver, WA 98661-5580

COMCAST
POB 34744
Seattle, WA 98124-1744

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Republic Services
Kent-Meridian Disposal
POB 78829
Phoenix, AZ 85062-8829

COMCAST
POB 34744
Seattle, WA 98124-1744

Puget Sound Energy
355 – 110th Ave. NE
Bellevue, WA 98004

Cable One, Inc.
1314 N 34th St. #3
Phoenix, AZ 85004-1749

City of Meridian
33 E Broadway Ave.
Meridian, ID 83642

Idaho Power
POB 70
Boise, ID 83707

Bend Broadband
63090 Sherman Rd.
Bend, OR 97703

Cascade Disposal
A Waste Connections Company
1300 SE Wilson Ave.
Bend, OR 97702-1450

Pacific Power Inc
POB 26000
Portland, OR 97256

Cascade Natural Gas Corp.
8113 W Grandridge Blvd.
Kennewick, WA 99336