**Jeffrey N. Pomerantz** (admitted *pro hac vice*)
   Phone:  310.277.6910
   Email:   jpomerantz@pszjlaw.com

**Jason H. Rosell** (admitted *pro hac vice*)
   Phone:  415.263.7000
   Email:   jrosell@pszjlaw.com

**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**Justin D. Leonard**, OSB 033736
**Timothy A. Solomon**, OSB 072573
   Direct:  971.634.0194
   Email:   tsolomon@LLG-LLC.com

**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204

Proposed Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Wall to Wall Tile & Stone, LLC,**<br><br>**Wall to Wall Tile & Stone – Oregon LLC,**<br><br>**Wall to Wall Tile & Stone – Idaho LLC,**<br><br>              Joint Debtors. | Lead Case No. 19-32600-dwh11<br>(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-32603-dwh11)<br><br>**APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE, AND NOTICE THEREON** |

**NOTICE OF APPLICATION**

    If you oppose the proposed course of action or relief sought in this application, you must file a written objection with the bankruptcy court no later than August 30, 2019.

    If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 1050 SW 6th Ave #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on movant's counsel, Leonard Law Group, LLC, Attn: Timothy A. Solomon, 1 SW Columbia STE #1010, Portland, OR 97258, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

Page 1 of 4 – **APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its Chair, Cosmos Granite (West), LLC, hereby moves this Court for authority to employ the law firm of Leonard Law Group LLC ("**LLG**") as local counsel for the Committee effective July 31, 2019, and represents as follows:

1. On July 16, 2019, Wall to Wall Tile & Stone, LLC (the "**Lead Debtor**"), along with Wall to Wall Tile & Stone – Oregon LLC, and Wall to Wall Tile & Stone - Idaho LLC (together with the Lead Debtor, the "**Joint Debtors**") each filed voluntary petitions under chapter 11 of title 11 of the United States Code.

2. On July 18, 2019, the Court entered an Order directing the joint administration of the Joint Debtors' cases, as captioned above.

3. On July 26, 2019, the Office of the United States Trustee appointed the Committee among those creditors holding the largest unsecured claims and willing to serve in a fiduciary capacity. The creditor Cosmos Granite (West), LLC, by and through its General Counsel Hari Hara Prasad Nallapaty was appointed Chair of the Committee. The Committee also consists of C&C North America, Inc. dba Consentino North America, by and through its general counsel Giselle Maranges; and Fortuna Granitos Corp., by and through Rogerio Baumgarten. Creditors may refer to the Second Amended Appointment (Docket No. 59; also available upon request from the undersigned counsel) for the Committee's contact information.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The Committee desires to employ LLG as local counsel effective July 31, 2019 to assist it in connection with performance of its duties, functions, and obligations, including but not limited to the following tasks:

- To advise the Committee with regard to its rights, powers, and duties as an official committee;

Page 2 of 4 – APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-32600-dwh11    Doc 89    Filed 08/09/19

- To assist the Committee in the analysis of the Joint Debtors' schedules of assets and liabilities, statement of financial affairs, monthly financial reports and projections, financial condition, and conduct;

- To review the propriety of liens and claims of creditors and to review the potential avoidability of liens and other transfers that could be recovered for the benefit of the unsecured creditors;

- To review and analyze all applications, motions, orders, statements of operations, schedules and other pleadings or papers filed with the Court and advise the Committee as to the effect of such filings and the propriety of any response or position to be taken;

- To represent the Committee at hearings and in other proceedings;

- To assist the Committee with respect to its communications with the general creditor body regarding significant matters;

- To assist the Committee in reviewing any proposed sale, and any plan of reorganization and disclosure statement; and

- To perform such other services in the interests of the Committee as may be necessary.

6. The Committee has selected LLG for its specialized expertise in the bankruptcy area, and for its attorneys' experience representing creditor's committees in other cases. The firm's attorneys have many years of experience representing creditor committees (as well as business debtors, chapter 11 trustees, and chapter 11 plan agents) in chapter 11 cases. The firm most recently served as counsel to the committee in the ongoing *Sunshine Dairy Foods Management, LLC* chapter 11 case, Case No. 18-31644-pcm11. Several years ago, the firm served as co-counsel to the committee in the *C&K Markets aka Rays Markets* chapter 11 case, Case No. 13-64561-fra11, in one of the largest bankruptcy cases in Oregon history. The firm's attorneys frequently represent court-appointed bankruptcy trustees and other fiduciaries in bankruptcy cases in Oregon, including many of the active chapter 7 panel trustees in Oregon.

7. LLG's invoices will be billed to the estate for payment as an administrative expense under sections 503(b) and 507(a)(1) of the Bankruptcy Code. No other arrangement or agreement exists between the Committee and LLG with respect to the payment of LLG's fees or expenses in this case. The Committee, however, reserves the right to seek a "carve-out," the

Page 3 of 4 – **APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-32600-dwh11    Doc 89    Filed 08/09/19

payment of a retainer, and/or the establishment of a special fund for payment of LLG's fees and expenses.

8. The Committee has agreed that LLG will be compensated for its services on the basis of LLG's current and ordinary hourly rates (Justin Leonard at $390/hr.; Timothy Solomon at $380/hr.; and Holly Hayman at $310/hr.) as subject to change from time to time, subject to review and approval by this Court.

9. LLG intends to work closely with the Joint Debtors' representatives, as well as the Committee's lead counsel and any other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Joint Debtors' estates.

10. LLG does not hold or represent any interests adverse to the interests of the estate or of the Joint Debtors, except as may be set forth in the attached Rule 2014 Verified Statement of Leonard Law Group LLC.

WHEREFORE, the Committee hereby requests that the Court enter the proposed order, in the form attached hereto as **Exhibit A**, authorizing the employment of LLG as local counsel for the Committee.

DATED: August 9, 2019

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
**Cosmos Granite (West), LLC**, solely in its capacity as Committee Chairperson and not in its individual capacity
By: /s/ Jaishri Nallapati
    Jaishri Nallapati, as Duly-Authorized
    Representative of Cosmos Granite (West), LLC

ACCEPTED & FILED BY:
LEONARD LAW GROUP LLC
By: /s/ Timothy A. Solomon
    **Timothy A. Solomon**, OSB 072573
    Direct: 971.634.0194
    Email: tsolomon@LLG-LLC.com
Proposed Counsel for Unsecured Creditors Committee

**Page 4 of 4 – APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-32600-dwh11    Doc 89    Filed 08/09/19

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Wall to Wall Tile & Stone, LLC,**<br>**Wall to Wall Tile & Stone – Oregon LLC,**<br>**Wall to Wall Tile & Stone – Idaho LLC,**<br><br>    Joint Debtors. | Lead Case No. 19-32600-dwh11<br>(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-32603-dwh11)<br><br>**ORDER AUTHORIZING EMPLOYMENT OF LEONARD LAW GROUP, LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE** |

       This matter came before the Court pursuant to the Application by the Official Committee of Unsecured Creditors (the "**Committee**") to Employ Leonard Law Group, LLC ("**LLG**") as Local Counsel filed on August __, 2019 (Docket No. __) (the "**Application**"). Based on the Application and the documents submitted in support thereof, including LLG's Verified Rule 2014 Statement, and after due deliberation the Court having determined that the relief requested in the Application is in the best interests of the Joint Debtors' Estates and their creditors; NOW, THEREFORE, it is ORDERED:

       1.    Debtor's Application is approved. Pursuant to 11 U.S.C. §§ 1103(a) and 328, the Committee is authorized to employ the law firm of Leonard Law Group LLC as local counsel

**Page 1 of 2 –** **ORDER AUTHORIZING EMPLOYMENT OF LEONARD LAW GROUP, LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1110
Portland, Oregon 97258
leonard-law.com

Case 19-32600-dwh11    Doc 89    Filed 08/09/19

effective as of July 31, 2019, to perform the services set forth in the Application, on the terms set forth in the Application; and

    2.    The compensation of LLG shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including procedures established under Local Bankruptcy Rule 2016-1.

# # #

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

LEONARD LAW GROUP LLC

    [DRAFT/UNSIGNED]
Justin D. Leonard, OSB 033736
Timothy A. Solomon, OSB 072573
Holly C. Hayman, OSB 114146

Proposed Local Counsel for Official Committee of Unsecured Creditors

c:    ECF Participants
    Interested Parties by US Mail

Page 2 of 2 – ORDER AUTHORIZING EMPLOYMENT OF LEONARD LAW GROUP, LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste 1010
Portland, Oregon 97258
leonard-law.com

EXHIBIT A
2 of 2

Case 19-32600-dwh11    Doc 89    Filed 08/09/19

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re          )
               ) Case No. _____
               )
               ) RULE 2014 VERIFIED STATEMENT
Debtor(s)      ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**Wall to Wall Tile & Stone, LLC,**

**Wall to Wall Tile & Stone – Oregon LLC,**

**Wall to Wall Tile & Stone – Idaho LLC,**

            Joint Debtors.

SUPPLEMENTAL DISCLOSURES FOR RULE 2014 VERIFIED STATEMENT FOR PROPOSED PROFESSIONAL

(LEONARD LAW GROUP LLG)

**QUESTION #13 CONTINUATION STATEMENT RE "CONNECTIONS":**

1. The Honorable Peter McKittrick was law partners with Attorney Justin D. Leonard until Dec. 2014. He is not owed further compensation from Mr. Leonard or this firm.

2. Attorney Holly C. Hayman previously worked as an extern with the Honorable Trish Brown and for the Office of the U.S. Trustee in Portland, approx. 7 years ago.

3. The firm's attorneys (Justin Leonard, Tim Solomon, and Holly Hayman) focus their practice in commercial bankruptcy. Therefore, they regularly practice with and against attorneys involved in this case in other matters. Furthermore, they serve on various bankruptcy-, public service-, and pro bono-related committees with attorneys for other constituencies in the case. For example, Justin currently serves as Past Chair of the Debtor-Creditor Section of the Oregon State Bar. Most bankruptcy practitioners (including attorneys representing debtors, creditors, trustees, and governmental entities) and all bankruptcy judges actively participate in the Section.

4. These disclosures are submitted as of August 1, 2019 and will be supplemented as needed, including after review of the Joint Debtors' Schedules and Statement of Financial Affairs, which have not yet been filed.

# CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **APPLICATION TO EMPLOY LEONARD LAW GROUP LLC AS LOCAL COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties:

ODR Bkcy.
955 Center St NE
Salem, OR 97301-2555

DATED: August 9, 2019

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573

Page 1 - CERTIFICATE OF SERVICE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

Case 19-32600-dwh11    Doc 89    Filed 08/09/19