**Jeffrey N. Pomerantz** (admitted *pro hac vice*)
**Jason H. Rosell** (admitted *pro hac vice*)
    Phone:  415.263.7000
    Email:   jpomerantz@pszjlaw.com
             jrosell@pszjlaw.com
**PACHULSKI STANG ZIEHL & JONES LLP**
150 California Street, 15th Floor
San Francisco, CA 94111

**Justin D. Leonard**, OSB 033736
**Timothy A. Solomon**, OSB 072573
    Direct:  971.634.0194
    Email:  tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97204

Proposed Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Wall to Wall Tile & Stone, LLC,**<br><br>**Wall to Wall Tile & Stone – Oregon LLC,**<br><br>**Wall to Wall Tile & Stone – Idaho LLC,**<br><br>              Joint Debtors. | Lead Case No. 19-32600-dwh11<br>(Jointly Administered with Case Nos.<br>19-32599-dwh11 and 19-32603-dwh11)<br><br>**APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS LEAD RESTRUCTURING COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE, AND NOTICE THEREON** |

---

### NOTICE OF APPLICATION

If you oppose the proposed course of action or relief sought in this application, you must file a written objection with the bankruptcy court no later than August 30, 2019.

If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 1050 SW 6th Ave #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on movant's counsel, Pachulski Stang Ziehl & Jones LLP, Attn: Jason Rosell, 150

---

**Page 1 of 6 –**   APPLICATION TO EMPLOY PACHULSKI STANG
                  ZIEHL & JONES LLP AS LEAD RESTRUCTURING
                  COUNSEL FOR THE UNSECURED CREDITORS
                  COMMITTEE

California Street, 15th Floor, San Francisco, CA 94111, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submits this application (the "**Application**") to employ Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**") as its lead restructuring counsel in the above-captioned chapter 11 cases, effective as July 31, 2019. In support of this Application, the Committee represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief sought herein is section 1103 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

<u>**BACKGROUND**</u>

3.      On July 16, 2019 (the "**Petition Date**"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      On July 26, 2019, the Office of the United States Trustee appointed a four-member Official Committee of Unsecured Creditors. Subsequent to such appointment, one member of the Committee resigned. Pursuant to the *2nd Amended Appointment of Committee of Unsecured Creditors* [Docket No. 59], the members of the Committee are: (i) Cosmos Granite (West), LLC; (ii) Fortuna Granitos Corp., and (iii) C&C North America, Inc. (d/b/a Cosentino North America).

**Page 2 of 6 – APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS LEAD RESTRUCTURING COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

**<u>APPLICATION TO RETAIN AND EMPLOY THE FIRM</u>**

5.      By this Application, pursuant to section 1103 of the Bankruptcy Code, the Committee seeks to employ the Firm as its lead restructuring counsel to the Committee, effective as of July 31, 2019, to perform the legal services set forth herein.

6.      Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent the Committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with this case. 11 U.S.C. § 1103(b). The Firm has advised the Committee that the Firm does not represent any other entity having an adverse interest in connection with the Debtors or these cases.

7.      After interviewing four (4) law firms, including three (3) law firms located within Oregon, the Committee selected the Firm as its lead counsel because of the Firm's extensive expertise and knowledge in the area of chapter 11 insolvency and business reorganizations and the complex issues that may arise in the process of a chapter 11 plan of reorganization.  The Firm has served as counsel to unsecured creditors' committees in various chapter 11 cases.  In addition, the Firm has served as general bankruptcy counsel to a wide range of debtors. The Firm also has extensive experience representing trustees, individual creditors, special interest committees, asset purchasers, and investors in restructurings.  The Firm's depth of experience in the areas of insolvency, business reorganizations, and debtor and creditor matters makes it highly qualified to represent the Committee.  Therefore, the Committee believes that the Firm's retention is in the best interest of the Debtors' unsecured creditors.

8.      The Committee seeks to engage the Firm to render the following services to the Committee, among others, and only to the extent necessary:

- to assist, advise, and represent the Committee in its consultations with the Debtors and other creditor constituencies or parties in interest regarding the administration of this case;

- to assist, advise, and represent the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

and reviewing any proposed asset sales, other asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

- to assist, advise, and represent the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under unexpired leases and executory contracts;

- to assist, advise, and represent the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business and the desirability of the continuance of any portion of the business, and any other matters relevant to these cases or to the formulation of a plan;

- to assist, advise, and represent the Committee in its participation in the negotiation, formulation, and drafting of a plan of reorganization or liquidation;

- to provide advice to the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

- to assist, advise, and represent the Committee in the performance of all of its duties and powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the interests of those represented by the Committee; and

- to assist, advise, and represent the Committee in the evaluation of claims and any litigation matters.

9. Notwithstanding the foregoing, PSZJ will work closely with the Committee's local counsel, and any other professionals retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

10. Subject to the applicable provisions of the Bankruptcy Code, the Committee proposes that the Firm be paid by the Debtors on an hourly basis and be reimbursed by the Debtors according to its customary reimbursement policies, *provided*, *however*, that, with respect to its attorney timekeepers, the Firm has agreed in this case to charge $680 per hour for all attorney timekeepers. The Firm has represented to the Committee that Messrs. Pomerantz and Rosell are the attorneys of the Firm currently expected to be principally responsible for this case, and their customary hourly rates are: Jeff Pomerantz ($1,025) and Jason Rosell ($695). The hourly rate of the Firm's paralegal assigned to these cases is $395.00.

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

The Firm has represented to the Committee that (i) it will not receive a retainer and (ii) it categorizes its billing into subject matter categories in compliance with applicable guidelines. The Firm understands that its compensation in these cases is subject to the applicable provisions of the Bankruptcy Code.

To the best of the Committee's knowledge, the Firm is "disinterested" in that it has no connection with the Debtors, their creditors, any other party in interest herein, their respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee. Moreover, the Firm does not hold, or represent any entity having, an adverse interest in connection with the Debtors or these cases. The Firm does not employ any person who is related to a judge of this Court. Accordingly, the Firm is qualified to represent the Committee under section 1103 of the Bankruptcy Code.

**WHEREFORE**, the Committee requests that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP as its lead restructuring counsel, effective as of July 31, 2019, to render services as described above with compensation to be paid as an administrative expense at such times and in such amounts as the Court may hereafter determine and allow under sections 507(a) and 503(b) of the Bankruptcy Code.

DATED: August 9, 2019

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**Cosmos Granite (West), LLC,** solely in its capacity as Committee Chairperson and not in its individual capacity
By: /s/ Jaishri Nallapati
    Jaishri Nallapati, as Duly-Authorized
    Representative of Cosmos Granite (West), LLC

ACCEPTED BY:
PACHULSKI STANG ZIEHL & JONES LLP
By: /s/ Jason H. Rosell
    **Jason H. Rosell** (admitted *pro hac vice*)
    Phone: 415.263.7000
    Email: jrosell@pszjlaw.com

**Page 5 of 6 – APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS LEAD RESTRUCTURING COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE**

FILED BY:

LEONARD LAW GROUP LLC

By: /s/ Timothy A. Solomon

     **Timothy A. Solomon**, OSB 072573
     Direct: 971.634.0194
     Email: tsolomon@LLG-LLC.com

Proposed Counsel for Unsecured Creditors Committee

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97204
leonard-law.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

**Wall to Wall Tile & Stone, LLC,**

**Wall to Wall Tile & Stone – Oregon LLC,**

**Wall to Wall Tile & Stone – Idaho LLC,**

    Joint Debtors.

Lead Case No. 19-32600-dwh11
(Jointly Administered with Case Nos.
19-32599-dwh11 and 19-32603-dwh11)

**ORDER AUTHORIZING EMPLOYMENT
OF PACHULSKI STANG ZIEHL & JONES
LLP AS COUNSEL FOR THE
UNSECURED CREDITORS COMMITTEE**

This matter came before the Court pursuant to the Application by the Official

Committee of Unsecured Creditors (the "**Committee**") to Pachulski Stang Ziehl & Jones LLP

("**PSZJ**") as Local Counsel filed on August __, 2019 (Docket No. __) (the "**Application**").

Based on the Application and the documents submitted in support thereof, including LLG's

Verified Rule 2014 Statement, and after due deliberation the Court having determined that the

relief requested in the Application is in the best interests of the Joint Debtors' Estates and their

creditors; NOW, THEREFORE, it is ORDERED:

    1.    The Application is approved. Pursuant to 11 U.S.C. §§ 1103(a) and 328, the

Committee is authorized to employ the law firm of Pachulski Stang Ziehl & Jones LLP as

LEONARD LAW GROUP LLC
1 SW Columbia 10101
Portland, Oregon 07204
leonard-law.com



EXHIBIT A
Page 1 of 2

counsel effective as of July 31, 2019, to perform the services set forth in the Application, on the terms set forth in the Application; and

2.      The compensation of PSZJ shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including procedures established under Local Bankruptcy Rule 2016-1.

### #

CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

LEONARD LAW GROUP LLC
        [DRAFT/UNSIGNED]
    Justin D. Leonard, OSB 033736
    Timothy A. Solomon, OSB 072573
    Holly C. Hayman, OSB 114146
Proposed Local Counsel for Official Committee of Unsecured Creditors

c:      ECF Participants
        Interested Parties by US Mail

LEONARD LAW GROUP LLC
1 SW Columbia 1010
Portland, Oregon 97204
leonard-law.com

**EXHIBIT A
Page 2 of 2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                      )
                           )  Case No. _____
                           )
                           )  RULE 2014 VERIFIED STATEMENT
Debtor(s)             )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)     Page 3 of 3

**QUESTION 13 – Continuation Statement re "Connections"**

1.      To the best of my knowledge, based on the representations in this verified statement, and except as otherwise stated here, the Firm is "disinterested" in that it has no connection with the Debtors, their creditors, any other party in interest herein, their respective attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee.

2.      The Firm has made the following investigation of potential adverse interests prior to submitting this verified statement.  The Firm has undertaken a full and thorough review of its computer database which contains the names of clients and other parties interested in particular matters.  The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter into that database conflict information regarding new clients or new matters.  Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.

3.      Based on the Firm's conflict check within its database, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly file with the Court an amended Rule 2014 Verified Statement identifying and specifying such involvement.

4.      PSZJ and certain of its attorneys have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases.

5.      PSZJ represented, represents, and in the future will likely represent creditors' committees in matters unrelated to the Debtors and these cases whose members may be creditors and/or committee members in these cases.

6.      The Firm has represented, represents, and, in the future, will likely represent debtors, creditors' committees, and other parties in cases unrelated to the Debtors and these cases wherein one or more of the firms or professionals involved in these cases representing the Debtors or other parties-in-interest serve as or will serve as professionals in those other cases.

7.      The Firm does not represent any entity having an adverse interest in connection with these cases.

8.      The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtors.

9.      The foregoing disclosures are submitted as of August 1, 2019 and will be supplemented as needed, including after review of the Debtors' schedules of assets and liabilities and statements of financial affairs, which have not yet been filed.

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS LEAD COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following parties:

ODR Bkcy.
955 Center St NE
Salem, OR 97301-2555

DATED: August 9, 2019

By: /s/ Timothy A. Solomon
Timothy A. Solomon, OSB 072573

**Page 1 – CERTIFICATE OF SERVICE**

Leonard Law Group LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 19-32600-dwh11    Doc 90    Filed 08/09/19