In re

Case No. _____
Amended

Debtor(s)

**NOTICE OF CLAIM OBJECTION**

**Notice to Claimant.** An objection by _____
to your claim in this bankruptcy case has been filed and is enclosed with this notice.

**<u>Your claim may be reduced, modified, or eliminated</u>. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then within 30 days from the service date below, you or your attorney must do one of the following:

1. Obtain a written withdrawal of the claim objection by the objector. In order to obtain a withdrawal, you may need to provide the objector with any documentation supporting your claim that was not included when you filed your claim with the court. You should send this documentation to the objector at the service address listed at the bottom of the claim objection. The written withdrawal of the objection must be filed with the court within 30 days of the service date below.

2. Prepare a written response to the objection, explaining your position, and file both the written response and a certificate showing a copy of the response has been served on the objector at the service address listed at the bottom of the claim objection with the clerk at 1050 SW 6th Ave #700, Portland, OR 97204 or 405 E 8th Ave #2600, Eugene, OR 97401.  If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it within 30 days of the service date below.

If you or your attorney do not take one of these steps within 30 days of the service date below, the court may decide that you do not oppose the objection to your claim and reduce, modify, or eliminate your claim without further notice or a hearing.

I certify that on _____ (service date) this notice and the objection were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 3007(a)(2) on the claimant, debtor or debtor in possession, trustee, and, if applicable, the entity filing the proof of claim under FRBP 3005, and that the names, addresses, and methods used for service are as follows (*attach additional page if necessary*):

_____        _____
Printed Name                                               Signature

**763.1 (12/1/2019)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re

Case No. _____
Amended

Debtor(s)

**CLAIM OBJECTION**

1. The undersigned objects to proof of claim no. _____ (claim) in the amount of $_____ filed on behalf of _____ _____ (creditor).

2. The undersigned objects to the claim for the following reasons (*check all applicable reasons*):

Claim duplicates proof of claim no. _____ filed on behalf of _____ _____.

Claim fails to assert grounds for priority, or grounds asserted are not valid as described below in "Other."

Claim was not filed on behalf of the real party in interest.

Claim appears to include interest or charges accrued after the petition date.

Value of collateral exceeds debt.

Claim arrearage asserted is incorrect.

Claim is a secured claim, but creditor neither (a) specified that any portion of claim should be treated as unsecured nor (b) requested a hearing to determine value of collateral.

Claim includes taxes assessed against real or personal property, but the interest of the estate in the property against which taxes were assessed has no value because estate has no equity or interest in the property.

Claim does not include documentation required by Federal Rule of Bankruptcy Procedure 3001(c) and (d) (for example, a copy of the note or documents establishing secured status or an assignment of the claim to creditor), and another reason for disallowance is stated in this objection.

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

Claim does not require future distribution because (state reason, for example, creditor obtained relief from stay or has been paid in full from another source):

_____
_____.

Other:

3.  The undersigned moves that the claim be (*check applicable boxes*):

Disallowed in full.

Disallowed for any distribution.

Disallowed for future distribution greater than the amount already paid ($_____).

Allowed as (*fill in each blank even if amount is $0*):

a secured claim for $ _____,

a priority unsecured claim for $ _____, and

a nonpriority unsecured claim for $ _____.

Allowed with an arrearage of $ _____ (if amount of arrearage is contested).

Date: _____    Signature: _____

Name: _____

Relation to Case: _____

Service Address: _____

_____

Phone #: _____

Email Address: _____

Last 4 digits of Taxpayer ID# (if objector is debtor):_____

1    Albert Kennedy, OSB No. 821429
      Email: albert.kennedy@tonkon.com
2    Ava Schoen, OSB No. 044072
      Email: ava.schoen@tonkon.com
3    Tonkon Torp LLP
      888 SW Fifth Ave., Suite 1600
4    Portland, OR 97204
      Main: 503.221.1440
5    Facsimile: 503.274.8779

6    *Attorneys for Tonkon Torp LLP*

7

8                 UNITED STATES BANKRUPTCY COURT

9                     DISTRICT OF OREGON

10

| | |
|---|---|
| In re | Case No. 19-32600-dwh7 |
| **Consolidated Estate of Former W2W Entities**, formerly known as | |
| • *Wall to Wall Tile & Stone, LLC* (Case No. 19-32600), | |
| • *Wall to Wall Tile & Stone – Oregon LLC* (Case No. 19-32599), and | |
| • *Wall to Wall Tile & Stone – Idaho LLC* (Case No. 19-32603), | |
| Debtors. | |
| **Tonkon Torp LLP**, an Oregon limited liability company, | Adv. Proc. No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Baffco Enterprises, LLC**, a Washington limited liability company, | |
| Defendant. | |

**Page 1 of 8** - COMPLAINT

1     Tonkon Torp LLP ("Tonkon") files this adversary proceeding pursuant to 11 U.S.C.

2     §§ 105, 503, 507(a), and 510, and Bankruptcy Rules 3007, 3012, and 7001 against Baffco

3     Enterprises, LLC ("Baffco").  In support of its claims, Tonkon alleges as follows:

**PARTIES**

4

5     1.     Tonkon is an Oregon limited liability partnership with its principal place of

6     business located at 888 SW Fifth Avenue, Suite 1600, Portland, Oregon 97204.  Tonkon's

7     business consists of providing legal services.

8     2.     Baffco is a Washington limited liability company with its principal place of

9     business located at 1191 E. Iron Eagle Drive, Suite 200, Eagle, Idaho 83616-5146.

**JURISDICTION AND VENUE**

10

11    3.     This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 101, et seq.

12    (the "Bankruptcy Code") and 28 U.S.C. §§ 157 and 1334, and because Baffco; Wall to Wall

13    Stone & Tile, LLC; Wall to Wall Stone & Tile–Oregon, LLC; and Wall to Wall Stone & Tile–

14    Idaho consented to jurisdiction of the Bankruptcy Court over any dispute arising out of or related

15    to the Loan Agreement (defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157

16    and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

17    4.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

18    5.     Pursuant to FRBP 7008, Tonkon consents to the Bankruptcy Court's entry of final

19    orders or judgment in this adversary proceeding.

**OPERATIVE FACTS**

20

21    6.     On July 16, 2019 (the "Petition Date"), Wall to Wall Tile & Stone, LLC, Wall to

22    Wall Tile & Stone-Idaho LLC, and Wall to Wall Tile & Stone-Oregon LLC (together,

23    "Debtors") filed their Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code

24    (together, the "Bankruptcy Cases").

25    7.     The Court entered an order substantively consolidating the Bankruptcy Cases.

26

**Page 2 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 22-03027-dwh     Doc 1     Filed 03/22/22

Case 19-32600-dwh7     Doc 492     Filed 03/22/22

1        8.      Tonkon Torp was employed, pursuant to a Bankruptcy Court Order, as counsel

2  for Debtors.

3        9.      Debtors filed a motion seeking entry of an interim and final order pursuant to

4  11 U.S.C. § 364(c)(1) for authority to (a) obtain post-petition financing consisting of loans and

5  advances from Baffco on an unsecured basis with priority over any and all administrative

6  expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code, except for a

7  carveout for professional fees and expenses pursuant to Sections 330 and 331 of the Bankruptcy

8  Code and (b) enter into a loan agreement (the "Loan Agreement') with Baffco.  A copy of the

9  Loan Agreement was attached to the motion.

10       10.     On July 18, 2019, the Bankruptcy Court entered an Interim Order Authorizing

11  Debtors to Obtain Unsecured Credit and Setting Final Hearing (the "Interim Order").  A copy of

12  the Interim Order is attached as **Exhibit 1**.  The Interim Order attaches a copy of the Loan

13  Agreement, which is included in Exhibit 1.

14       11.     On August 23, 2019, the Bankruptcy Court entered a Final Order Authorizing

15  Debtors to Obtain Unsecured Credit and Setting Final Hearing (the "Final Order").  A copy of

16  the Final Order is attached as **Exhibit 2**.  The Final Order attaches a copy of the Loan

17  Agreement, which is included in Exhibit 2.

18       12.     The Loan Agreement attached to the Interim Order and to the Final Agreement is

19  identical.  Baffco agreed to the terms of the Loan Agreement.

20       13.     The <u>Loan Agreement</u> states at Section 1 that the Loan Agreement is effective

21  upon entry of a Court order and that Baffco is granted an administrative expense priority under

22  11 U.S.C. § 364(c)(1) for all advances made pursuant the Loan Agreement.

23       14.     The <u>Loan Agreement</u> further states at Section 5:

24  **Baffco's unsecured super-priority administration claim under Section 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and**

25  **(b) unpaid administrative expense claims for professional fees and expenses** allowed pursuant to 11 U.S.C. § 330 or § 331 and incurred prior to the entry of

26

**Page 3 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1  any order converting this case to a case under Chapter 7 of the Bankruptcy Code. (Emphasis added.)

2  15.     The <u>Interim Order</u> states that the Court hereby finds and concludes that Baffco

3  "has agreed to extend postpetition loans to Debtors on an unsecured super-priority basis pursuant

4  to 11 U.S.C. § 364(c)(1) **on the terms set forth in the Loan Agreement * * *.**" (Emphasis

5  added.)

6  16.     The <u>Interim Order</u> further states:

7        IT IS HEREBY ORDERED as follows:  1.  **The Loan Agreement
8        is approved in its entirety** for the interim period pending further
        hearing. * * * 3.  **Debtors are authorized and directed to incur
9        indebtedness up to $1,000,000** on an interim basis pending a final
        hearing **under the terms of the Loan Agreement * * *.**
10       (Emphasis added.)

11  17.     The <u>Final Order</u> states that the Court hereby finds and concludes that Baffco "has

12  agreed to extend postpetition loans to Debtors on an unsecured super-priority basis pursuant to

13  11 U.S.C. § 364(c)(1) **on the terms set forth in the Loan Agreement * * *.**" (Emphasis added.)

14  18.     The <u>Final Order</u> further states:

15       IT IS HEREBY ORDERED as follows:  1. **The Loan Agreement
        is approved in its entirety**.  * * * 3. **Debtors are authorized to
16       incur indebtedness up to $2,000,000 under the terms of the
        Loan Agreement** * * * 5. * * * **Baffco's unsecured
17       administrative claim under Sections 354(c)(1) of the
        Bankruptcy Code shall be subject and subordinate to
18       (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C.
        § 1930(a), and (b) unpaid administrative expense claims for
19       professional fees and expenses** incurred prior to the entry of any
        order converting this case to a case under Chapter 7 of the
20       Bankruptcy Code and allowed pursuant to 11 U.S.C. § 330 or
        § 331.  (Emphasis added.)
21

22

23  19.     Section 5 of the Final Order (quoted above), is virtually identical to Section 5 of

24  the Loan Agreement (also quoted above), which Loan Agreement was attached to the Interim

25  Order and the Final Order and approved in its entirety by the Bankruptcy Court in the Interim

26  Order and Final Order.

**Page 4 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 22-03027-dwh    Doc 1    Filed 03/22/22

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

1    20.    On information and belief, Baffco loaned Debtors $450,000 on or about August 1,

2    2019 and $150,000 on or about September 5, 2019.

3    21.    The Bankruptcy Cases were converted to cases under Chapter 7 case by an order

4    of the Bankruptcy Court entered on April 6, 2020.  Amy Mitchell was appointed as the Chapter 7

5    trustee in the Bankruptcy Cases (the "Trustee").

6    22.    On May 18, 2020, Tonkon filed its final application for professional

7    compensation (claim no. 95) in the amount of $242,403.87 ("Tonkon's Claim").

8    23.    On May 8, 2020, Baffco filed an administrative expense claim for $655,296.70

9    ("Baffco's Claim").

10    24.    On March 1, 2022, the Trustee objected to Baffco's Claim (the "Trustee's

11    Objection").  The Trustee's Objection does not object to the amount of Baffco's Claim, but to the

12    assertion that Baffco is entitled to priority over the U.S. Trustee's Chapter 11 fees and allowed

13    Chapter 11 professional fees.  Tonkon shares the Trustee's Objection.

14                                   **FIRST CLAIM FOR RELIEF**

15                                        **(Subordination)**

16    25.    Tonkon realleges paragraphs 1 through 24 of this Complaint.

17    26.    Pursuant to the express terms of the Loan Agreement, which Loan Agreement

18    was approved and authorized by the Bankruptcy Court in the Interim Order and the Final Order,

19    Baffco subordinated its unsecured administrative claim to allowed Chapter 11 professional fees,

20    including Tonkon's fees.  Tonkon's unpaid Chapter 11 professional fees are set out in Tonkon's

21    Claim.

22    27.    Pursuant to 11 U.S.C. § 510(a), a subordination agreement, like the Loan

23    Agreement, "is enforceable in a case under this title to the same extent that such agreement is

24    enforceable under applicable nonbankruptcy law."

25    28.    The Loan Agreement is enforceable under state law such that Baffco's Claim is

26    subordinate to Tonkon's Claim.

**Page 5 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 22-03027-dwh    Doc 1    Filed 03/22/22

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

| | |
|---|---|
| 1 | **SECOND CLAIM FOR RELIEF** |
| 2 | **(Breach of Contract as to Third Party Beneficiary)** |
| 3 | 29. Tonkon realleges paragraphs 1 through 28 of this Complaint. |
| 4 | 30. The Loan Agreement is an enforceable contract. |
| 5 | 31. Tonkon, as a Chapter 11 professional for Debtors, is an intended third-party |
| 6 | beneficiary of the Loan Agreement. |
| 7 | 32. Pursuant to the Loan Agreement, Baffco was obligated to subordinate Baffco's |
| 8 | Claim to Tonkon's Claim. |
| 9 | 33. Baffco has breached the Loan Agreement by seeking to recover Baffco's Claim |
| 10 | ahead of Tonkon's Claim. |
| 11 | 34. To the extent Baffco receives any payment from the Trustee on Baffco's Claim, |
| 12 | Baffco is liable for damages to Tonkon as an intended third-party beneficiary up to the amount of |
| 13 | Tonkon's Claim. |
| 14 | **THIRD CLAIM FOR RELIEF** |
| 15 | **(Declaratory Judgment)** |
| 16 | 35. Tonkon realleges paragraphs 1 through 34 of this Complaint. |
| 17 | 36. Baffco's Claim is subordinate to: Tonkon's Claim; Claim No. 69 of Edward |
| 18 | Hostmann Inc. in the amount of $57,656.28; Claim No. 77 of HB Morris Financial Services, |
| 19 | LLC in the amount of $19,171.25; Claim No. 79 of the United States Trustee in the amount of |
| 20 | $56,618.56; Claim No. 82 of Arch & Beam Global LLC in the amount of $26,634.70; Claim |
| 21 | No. 83 of Pachulski Stang Ziehl & Jones LLP in the amount of $95,037.63; Claim No. 84 of |
| 22 | Leonard Law Group LLC in the amount of $39,268.91; and Claim No. 87 of Bennington & |
| 23 | Moshofsky, P.C. in the amount of $52,078.25 (together, the "Senior Claimants' Claims"). |
| 24 | 37. Baffco has breached the Loan Agreement by failing to subordinate Baffco's |
| 25 | Claim to the Senior Claimants' Claims, as required by Section 5 of the Loan Agreement, the |
| 26 | Interim Order, and the Final Order. |

**Page 6 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 22-03027-dwh    Doc 1    Filed 03/22/22

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

1   38.   There is a real and immediate controversy between Baffco and Tonkon regarding

2   the subordination requirements set out in Section 5 of the Loan Agreement.

3   39.   Tonkon is entitled to a declaration that Section 5 of the Loan Agreement is

4   enforceable as between Baffco's Claim and the Senior Claimants' Claims.

5                         **FOURTH CLAIM FOR RELIEF**

6                         **(Objection to Baffco's Claim)**

7   40.   Tonkon realleges paragraphs 1 through 39 of this Complaint.

8   41.   Baffco filed Baffco's Claim in the amount of $655,296.70 in the Bankruptcy

9   Cases.  The Court has recorded the claim as Claim No. 89 on the claims register.

10  42.   Tonkon does not dispute the amount owing to Baffco pursuant to Baffco's Claim.

11  43.   Tonkon does dispute that Baffco's Claim is entitled to a priority status ahead of

12  Tonkon's Claim.  Pursuant to the Loan Agreement, Baffco's Claim is subordinate to (a) unpaid

13  fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a); and (b) unpaid administrative expense

14  claims for professional fees and expenses, including Tonkon's Claim, allowed pursuant to

15  11 U.S.C. § 330 or § 331 and incurred prior to entry of any order converting this case to a case

16  under Chapter 7 of the Bankruptcy Code."

17                         **PRAYER FOR RELIEF**

18       WHEREFORE, Tonkon prays for judgment in its favor as follows:

19  1.   Declaring Section 5 of the Loan Agreement an enforceable subordination

20  agreement.

21  2.   Declaring Baffco's Claim subordinate to the Senior Claimants' Claims.

22  * * *

23  * * *

24  * * *

25  * * *

26  * * *

**Page 7 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1  3.  Awarding Tonkon damages in an amount up to $242,403.87.

2  4.  All other relief that the Court deems just, equitable, and proper.

3  DATED: March 22, 2022.

4        TONKON TORP LLP

5        By: */s/ Ava L. Schoen*
          Albert Kennedy, OSB No. 821429
6          Ava Schoen, OSB No. 044072
          *Attorneys for Tonkon Torp LLP*

7  040202\00003\13339084v2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 8 of 8** - COMPLAINT

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 22-03027-dwh  Doc 1  Filed 03/22/22

Case 19-32600-dwh7  Doc 492  Filed 03/22/22

# EXHIBIT 1

# Interim Order

Below is an order of the court.

_David W. Hercher_
DAVID W. HERCHER
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone, LLC (TIN 9732),<br>Wall to Wall Tile & Stone-Oregon LLC<br>(TIN 1863), and Wall to Wall Tile & Stone-<br>Idaho LLC (TIN 9431),<br><br>      Debtors. | Case No. 19-32600-dwh11<br>**LEAD CASE**<br><br>(Jointly Administered with Case<br>Nos. 19-32599-dwh11 and<br>19-32603-dwh11)<br><br>**INTERIM ORDER AUTHORIZING<br>DEBTORS TO OBTAIN UNSECURED<br>CREDIT AND SETTING FINAL<br>HEARING** |

   THIS MATTER having come before the Court upon Debtors' Motions for Interim

and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion") ") [Case No.

19-32600-dwh11 ECF No. 15; Case No. 19-32599-dwh11 ECF No. 16; Case No. 19-32603-

dwh11 ECF No. 12], notice of the Motion having been given pursuant to Bankruptcy

Rule 4001(c) and LBR 4001-1.D, the Court having heard and considered the arguments of

counsel and all relevant pleadings, exhibits, and documents of record in this case, and the

representation of counsel at the time of hearing; now, therefore, the Court hereby finds and

concludes:

**Page 1 of 4 -**  INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
      CREDIT AND SETTING FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

A.     On July 16, 2019 (the "Petition Date"), Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code.

B.     Debtors continue in possession of their property and are continuing to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

C.     The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334, and these are core proceedings pursuant to 28 U.S.C. § 157(b).

D.     Baffco Enterprises, LLC ("Baffco") has agreed to extend postpetition loans to Debtors on an unsecured super-priority basis pursuant to 11 U.S.C. § 364(c)(1) on the terms set forth in the Loan Agreement attached hereto as **Exhibit A** (the "Loan Agreement").

E.     Debtors require financing in order to enable Debtors to maintain business operations and otherwise meet immediate financial demands.  Without such financing, Debtors will be unable to pay wages, salaries, employee benefits, and operating expenses, and the enterprise value of Debtors' business will be diminished and Debtors' ability to maintain and preserve their assets and effect an orderly and efficient reorganization will be seriously jeopardized, to the substantial detriment of creditors, employees, and other parties-in-interest.

F.     Debtors have concluded that they will not be able to adequately finance their business operations by using only cash flow from operations, and Debtors have concluded they need to obtain additional capital in order to finance their operations.

G.     Debtors are unable to obtain adequate financing on equal or more favorable terms than those offered by Baffco.

H.     Debtors believe the proposed terms and conditions of the financial accommodations provided in the Loan Agreement are fair and equitable, and in the best interest of Debtors' estates.

Case 19-32600-dwh7    Doc 32    Filed 07/18/19

Case 22-03027-dwh    Doc 1    Filed 03/22/22

EXHIBIT 1
Page 2 of 13

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

I.    An immediate need exists for Debtors to obtain credit in order to enable Debtors to operate their business pending a final hearing on the Motion and to avoid immediate and irreparable harm to Debtors, their estates, and their creditors.

Based on the foregoing, good causes exists to grant the Motion on an interim basis and to enter this Interim Order.  Now, therefore,

IT IS HEREBY ORDERED as follows:

1.    The Loan Agreement is approved in its entirety for the interim period pending further hearing.

2.    Debtors are authorized to execute and deliver to Baffco the Loan Agreement and the Optional Advance Note.

3.    Debtors are authorized and directed to incur indebtedness up to $1,000,000 on an interim basis pending a final hearing under the terms of the Loan Agreement and otherwise make such payments and perform such obligations as required or permitted under the terms of the Loan Agreement.

4.    Baffco is granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an administrative expense priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code with respect to all loans and advances made pursuant to the Loan Agreement.

5.    If any or all provisions of this Order are hereafter reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay shall not affect the validity of any obligation to Baffco that is or was incurred by Debtors pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation, or stay.  Such reversal, modification, vacation, or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

6.    The final hearing on the Motion shall be held by the Court in Courtroom 3 of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue #700,

**Page 3 of 4 -**    INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
CREDIT AND SETTING FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Portland, Oregon 97204, on August 5, 2019 at 10:00 a.m., or via telephone 1-888-684-8852, access code 5870400# (although testimony will not be permitted by telephone) before the Honorable David W. Hercher.  By July 19, 2019, Debtors shall mail or otherwise serve a copy of this Order, together with a notice of the final hearing, pursuant to LBR 4001-1.D and LBF 541.40.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By /s/ Timothy J. Conway
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:  al.kennedy@tonkon.com
          tim.conway@tonkon.com
          michael.fletcher@tonkon.com
          ava.schoen@tonkon.com
    Attorneys for Debtors

    cc:  List of Interested Parties

**Page 4 of 4 -**   INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
                CREDIT AND SETTING FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# EXHIBIT A

## LOAN AGREEMENT

# LOAN AGREEMENT

This Loan Agreement ("Agreement") is made and entered to as of July _____, 2019 by and among Baffco Enterprises, LLC ("Baffco"), Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (collectively "Wall to Wall") (each a "Borrower" and together "Borrowers").

R E C I T A L S:

A.     Borrowers, and each of them, are Debtors and Debtors-in-Possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, (each a "Bankruptcy Case" and together the "Bankruptcy Cases").

B.     Borrowers have filed Debtors' Motion for Interim and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion"). The Motion seeks interim and final authorization for Borrowers to execute this Agreement and obtain financing pursuant to 11 U.S.C.§ 364(b).

C.     Baffco is committed to support the recapitalization of Borrowers and the development and confirmation of a plan of reorganization in the Bankruptcy Cases. Baffco wishes to make postpetition loans and advances to Borrowers and to otherwise invest in the reorganization of Borrowers.

A G R E E M E N T:

NOW, THEREFORE, the parties hereto agree as follows:

1.     This Agreement will be effective upon the entry by the Bankruptcy Court in the Bankruptcy Cases of an order authorizing the execution, delivery, and performance of this Agreement and granting to Baffco an administrative expense priority under 11 U.S.C. § 364(c)(1) for all advances made pursuant to this Agreement (the "Effective Date").

2.     On the Effective Date, Borrowers, and each of them, shall execute and deliver to Baffco the Optional Advance Note attached hereto as **Exhibit 1** (the "Optional Advance Note"). Baffco may make advances to Borrowers in a principal amount totaling up to $2 million hereinafter provided.

3.     All loans and advances made by Baffco to Borrowers shall be deemed advances under the Optional Advance Note and shall be endorsed on Annex A to the Optional Advance Note.

4.     The entire balance of all indebtedness, including all principal and interest, owed on the Optional Advance Note shall be due and payable in full on the earlier of (a) the Effective Date of any plan of reorganization confirmed in the Bankruptcy Cases; (b) the date of the entry of an order by the Bankruptcy Court converting any of the Bankruptcy Cases to cases under

Chapter 7 of the Bankruptcy Code; (c) the date of entry of an order of the Bankruptcy Court appointing a trustee under Chapter 11 of the Bankruptcy Code (the "Termination Date"); or (d) February 15, 2020.

5.     Baffco's unsecured super-priority administration claim under Section 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and (b) unpaid administrative expense claims for professional fees and expenses allowed pursuant to 11 U.S.C. § 330 or § 331 and incurred prior to the entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code.

6.     This Agreement and the Optional Advance Note shall be governed by, and construed and interpreted in accordance with, the laws of the State of Washington and the United States Bankruptcy Code.

7.     Borrowers and Baffco submit to the jurisdiction of the Bankruptcy Court over any dispute arising out of or related to this Agreement or the Optional Advance Note.

8.     In the event Borrowers propose and obtain confirmation of a plan of reorganization acceptable to Baffco in form and content, Baffco may accept common stock in Reorganized Debtors in full satisfaction of all indebtedness owing on the Optional Advance Note.

WALL TO WALL STONE & TILE, LLC, a          BAFFCO ENTERPRISES, LLC
Washington limited liability company


By _____          By _____
Its _____          Its _____


WALL TO WALL STONE & TILE-
OREGON, LLC, an Oregon limited liability
company


By _____
Its _____


WALL TO WALL STONE & TILE-IDAHO,
LLC, an Idaho limited liability company


By _____
Its _____


Page 2 – LOAN AGREEMENT

# EXHIBIT 1

## OPTIONAL ADVANCE NOTE

# OPTIONAL ADVANCE NOTE

July _____, 2019                                                      Portland, Oregon

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (together "Borrowers"), jointly and severally hereby promise to pay to the order of Baffco Enterprises, LLC, a Washington limited liability company ("Lender") at PO Box 1683, Brush Prairie, WA 98606, or such other address as Lender may designate, the amount of all loans, advances or other extensions of credit made by Lender to Borrowers from time to time, together with all interest accrued thereon.

Borrowers, and each of them, are debtors and debtors-in-possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, respectively (together and separately, the "Bankruptcy Case"). The execution, delivery, and performance of this Optional Advance Note have been authorized pursuant to an Order of the Bankruptcy Court entered in the Bankruptcy Case.

Borrowers may obtain loans or advances under this Optional Advance Note in an amount up to $2,000,000 for general operating purposes and payment of administrative and other expenses associated with the Bankruptcy Case. A 1% loan origination fee on the total amount available shall be paid to Lender with the first advance.

Borrowers promise to pay interest on the unpaid principal outstanding under this Optional Advance Note from the date each sum is loaned or advanced to Borrowers through the date of payment to Lender at a rate of 10% per annum. Interest shall be calculated on the basis of a year deemed to consist of 365 days.

A schedule for recording advances by Lender, and payments of principal and interest by Borrowers, is attached as Annex A. Lender is authorized to endorse the date and amount of each advance and each payment of the indebtedness reflected by this Note on Annex A, or on any continuation of Annex A, or on any ledger or other record customarily maintained by Lender. That endorsement, in the absence of manifest error, shall constitute prima facie evidence of the accuracy of the information so endorsed.

This Note, and all indebtedness owing on this Note, shall be due and payable in full on the earlier of (a) the date on which any Plan of Reorganization confirmed in the Bankruptcy Case becomes effective, (b) the date of entry of an Order by the Bankruptcy Court converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, (c) the date of entry of an order of the Bankruptcy Court in the Bankruptcy Case appointing a trustee under Chapter 11 of the Bankruptcy Cod, or (c) February 15, 2020.

Case 19-32600-dwh7   Doc 32   Filed 07/18/19

Case 22-03027-dwh   Doc 1   Filed 03/22/22

Case 19-32600-dwh7   Doc 492   Filed 03/22/22

EXHIBIT 1
Page 9 of 13

Borrowers may prepay all or any portion of this Optional Advance Note at any time without premium or penalty.

No delay or omission on the part of Lender in the exercise of any right or remedy, whether before or after any event of default, shall operate as a waiver or impair Lender's right to fully and strictly enforce such right or remedy and every other provision of this Optional Advance Note.

Borrowers hereby waive presentment, demand, notice of nonpayment, and all other notices and acts to which Borrowers might otherwise be entitled under applicable law.

WALL TO WALL STONE & TILE, LLC, a Washington limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-OREGON, LLC, an Oregon limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-IDAHO, LLC, an Idaho limited liability company

By _____
Its _____

Page 2 – OPTIONAL ADVANCE NOTE

**ANNEX A**

**Schedule of Advances and Payments**

**All Amounts in U.S. Dollars**

| DATE | PRINCIPAL ADVANCE | INTEREST | PAYMENT | CUMULATIVE BALANCE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Total | | | | |

Page 3 – Optional Advance Note

# LIST OF INTERESTED PARTIES

*In re Wall to Wall Tile & Stone, LLC*
**U.S. Bankruptcy Court Case No. 19-32600-dwh11**

*In re Wall to Wall Tile & Stone-Oregon LLC*
**U.S. Bankruptcy Court Case No. 19-32599-dwh11**

*In re Wall to Wall Tile & Stone-Idaho LLC*
**U.S. Bankruptcy Court Case No. 19-32603-dwh11**

## ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, leslie.hurd@tonkon.com;spencer.fisher@tonkon.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com; spencer.fisher@tonkon.com
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- BRAD T SUMMERS    summerst@lanepowell.com, docketing-pdx@lanepowell.com;holleym@lanepowell.com
- US TRUSTEE, PORTLAND    USTPRegion18.PL.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**SECURED CREDITORS**

Baffco Enterprises, LLC
POB 1683
Brush Prairie, WA 98606

Enterprise FM Trust
20400 SW Teton Ave.
Tualatin, OR 97062

**PROPERTY TAX ENTITIES**

Clark County Treasurer
POB 9808
Vancouver, WA 98666-8808

King County Assessments Dept.
500 4th Ave. S. #708
Seattle,  WA 98104

Ada County Assessor
190 E. Front St. #107
Boise, ID 83702

Deschutes County Tax Collector
POB 7559
Bend, OR 97701

**TOP 20 UNSECURED CREDITORS**

Cosmos Granite (West), LLC
Susman Godfrey L.L.P.
Attn: Rachel S. Black
1201 Third Ave. #3800
Seattle WA 98101

Cosentino
355 Alhambra Circle, #1000
Coral Gables, FL 33134

Batholite Natural Stone
Attn:  Harishu Koya, Registered Agent
302 Well Spring Ct.
Hockessin, DE 19707

Fortuna Granitos Corp.
12614 Torbay Dr.
Boca Raton, FL 33428

Caesarstone
1401 W. Morehead St., #100
Charlotte, NC 28208

American Express
POB 981535
El Paso, TX 79998

Loyalty Enterprise Dev. Co. Ltd
c/o Green & Norwood PLLC
Attn: Matthew D. Green
2722 Eastlake Ave E, #350
Seattle WA 98102

Washington State Dept. of
  Labor & Industries
POB 44000
Olympia, WA 98504-4000

MS International, Inc.
5930 4th Ave. S.
Seattle, WA 98108

Pental Granite & Marble
Attn:  Mary Beth Ellis
3900 A Industry Drive E
Fife, WA 98424

GranQuartz
Attn:  Tammy Doss
POB 1767
Norcross, GA 30093

Stone Profit Systems, Inc.
U.S. Marketing & Sales Office
1629 North Ashland
Chicago, IL 60622

Carson Oil
PO Box 6030
Portland, OR  97228

Bedrosians Tile & Stone
Attn:  Gerard, Credit Department
4285 N Goldenstate Blvd.
Fresno, CA 93722

Heffernan Insurance Brokers
POB 4006
Walnut Creek, CA 94596

Daltile
Attn:  Jennifer Bliss
540 S. Front Street
Seattle, WA 98108

Lackmond Products
POB 2045
Kennesaw, GA 30156

Columbia Bank
1301 A St. #100
Tacoma WA 98402

Ferguson Enterprises, Inc.
Attn:  Credit Department
2250 N Columbia Blvd.
Portland, OR 97217

Resolution Strategies LLP
515 NW Saltzman Rd., #909
Portland, OR 97229

**UTILITIES**

Waste Connections
Waste Connections of
  Washington, Inc
Vancouver District
12115 NE 99th St., #1830
Vancouver, WA 98682

Clark Public Utilities
POB 8989
Vancouver, WA 98668

040202/00003/10190205v1

Vancouver City Water
Public Works Administration
4500 SE Columbia Way
Vancouver, WA 98661-5580

COMCAST
POB 34744
Seattle, WA 98124-1744

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Republic Services
Kent-Meridian Disposal
POB 78829
Phoenix, AZ 85062-8829

COMCAST
POB 34744
Seattle, WA 98124-1744

Puget Sound Energy
355 – 110th Ave. NE
Bellevue, WA 98004

Cable One, Inc.
1314 N 34th St. #3
Phoenix, AZ 85004-1749

City of Meridian
33 E Broadway Ave.
Meridian, ID 83642

Idaho Power
POB 70
Boise, ID 83707

Bend Broadband
63090 Sherman Rd.
Bend, OR 97703

Cascade Disposal
A Waste Connections Company
1300 SE Wilson Ave.
Bend, OR 97702-1450

Pacific Power Inc
POB 26000
Portland, OR 97256

Cascade Natural Gas Corp.
8113 W Grandridge Blvd.
Kennewick, WA 99336

# EXHIBIT 2

# Final Order

Below is an order of the court.

_David W. Hercher_
_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Wall to Wall Tile & Stone, LLC (TIN 9732),<br>Wall to Wall Tile & Stone-Oregon LLC<br>(TIN 1863), and Wall to Wall Tile & Stone-<br>Idaho LLC (TIN 9431),<br><br>       Debtors. | Case No. 19-32600-dwh11<br>**LEAD CASE**<br><br>(Jointly Administered with Case<br>Nos. 19-32599-dwh11 and<br>19-32603-dwh11)<br><br>**FINAL ORDER AUTHORIZING<br>DEBTORS TO OBTAIN UNSECURED<br>CREDIT** |

    THIS MATTER having come before the Court upon Debtors' Motion for Interim

and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion"), notice of the

Motion having been given pursuant to Bankruptcy Rule 4001(c) and LBR 4001-1.D, the Court

having heard and considered the arguments of counsel and all relevant pleadings, exhibits, and

documents of record in this case, and the representation of counsel at the time of hearing; now,

therefore, the Court hereby finds and concludes:

    A.  On July 16, 2019 (the "Petition Date"), Debtors filed Voluntary Petitions

for relief under Chapter 11 of Title 11 of the United States Code.

**Page 1 of 4 -**  FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
        CREDIT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-32600-dwh7 Doc 118  Filed 08/23/19

Case 22-03027-dwh  Doc 1  Filed 03/22/22    EXHIBIT 2
                            Page 1 of 12

Case 19-32600-dwh7  Doc 492  Filed 03/22/22

B.      Debtors continue in possession of their property and are continuing to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

C.      The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334, and these are core proceedings pursuant to 28 U.S.C. § 157(b).

D.      Baffco Enterprises, LLC ("Baffco") has agreed to extend postpetition loans to Debtors on an unsecured super-priority basis pursuant to 11 U.S.C. § 364(c)(1) on the terms set forth in the Loan Agreement attached hereto as **Exhibit A** (the "Loan Agreement").

E.      Debtors require financing in order to enable Debtors to maintain business operations and otherwise meet immediate financial demands.  Without such financing, Debtors will be unable to pay wages, salaries, employee benefits, and operating expenses, and the enterprise value of Debtors' business will be diminished and Debtors' ability to maintain and preserve their assets and effect an orderly and efficient reorganization will be seriously jeopardized, to the substantial detriment of creditors, employees, and other parties-in-interest.

F.      Debtors have concluded that they will not be able to adequately finance their business operations by using only cash flow from operations, and Debtors have concluded they need to obtain additional capital in order to finance their operations.

G.      Debtors are unable to obtain adequate financing on equal or more favorable terms than those offered by Baffco.

H.      Debtors believe the proposed terms and conditions of the financial accommodations provided in the Loan Agreement are fair and equitable, and in the best interest of Debtors' estates.Based on the foregoing, good causes exists to grant the Motion and to enter this Order.  Now, therefore,

IT IS HEREBY ORDERED as follows:

1.      The Loan Agreement is approved in its entirety.

**Page 2 of 4 -**    FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED CREDIT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

2.      Debtors are authorized to execute and deliver to Baffco the Loan Agreement and the Optional Advance Note.

3.      Debtors are authorized to incur indebtedness up to $2,000,000 under the terms of the Loan Agreement and otherwise make such payments and perform such obligations as required or permitted under the terms of the Loan Agreement.

4.      Baffco is granted, pursuant to Section 364(c)(1) of the Bankruptcy Code, an administrative expense priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of the Bankruptcy Code with respect to all loans and advances made pursuant to the Loan Agreement.

5.      Notwithstanding the above, Baffco's unsecured administrative claim under Sections 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and (b) unpaid administrative expense claims for professional fees and expenses incurred prior to the entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code and allowed pursuant to 11 U.S.C. § 330 or § 331.

6.      If any or all provisions of this Order are hereafter reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay shall not affect the validity of any obligation to Baffco that is or was incurred by Debtors pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation, or stay.  Such reversal, modification, vacation, or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

7.      Within three business days after the entry hereof, Debtors shall mail or otherwise serve a copy of this Order.

### ###

I certify that I have complied with the requirements of LBR 9021-1(a).

**Page 3 of 4 -**    FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
            CREDIT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-32600-dwh7    Doc 118    Filed 08/23/19

Case 22-03027-dwh    Doc 1    Filed 03/22/22

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

EXHIBIT 2
Page 3 of 12

Presented by:

TONKON TORP LLP


By /s/ Albert N. Kennedy
    Albert N. Kennedy, OSB NO. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:     al.kennedy@tonkon.com
              tim.conway@tonkon.com
              michael.fletcher@tonkon.com
              ava.schoen@tonkon.com
    Attorneys for Debtors

cc:    List of Interested Parties

**Page 4 of 4 -**   FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN UNSECURED
           CREDIT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# EXHIBIT A

## LOAN AGREEMENT

# LOAN AGREEMENT

This Loan Agreement ("Agreement") is made and entered to as of July _____, 2019 by and among Baffco Enterprises, LLC ("Baffco"), Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (collectively "Wall to Wall") (each a "Borrower" and together "Borrowers").

## R E C I T A L S:

A.     Borrowers, and each of them, are Debtors and Debtors-in-Possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, (each a "Bankruptcy Case" and together the "Bankruptcy Cases").

B.     Borrowers have filed Debtors' Motion for Interim and Final Orders Authorizing Debtors to Obtain Unsecured Credit (the "Motion").  The Motion seeks interim and final authorization for Borrowers to execute this Agreement and obtain financing pursuant to 11 U.S.C.§ 364(b).

C.     Baffco is committed to support the recapitalization of Borrowers and the development and confirmation of a plan of reorganization in the Bankruptcy Cases.  Baffco wishes to make postpetition loans and advances to Borrowers and to otherwise invest in the reorganization of Borrowers.

## A G R E E M E N T:

NOW, THEREFORE, the parties hereto agree as follows:

1.     This Agreement will be effective upon the entry by the Bankruptcy Court in the Bankruptcy Cases of an order authorizing the execution, delivery, and performance of this Agreement and granting to Baffco an administrative expense priority under 11 U.S.C. § 364(c)(1) for all advances made pursuant to this Agreement (the "Effective Date").

2.     On the Effective Date, Borrowers, and each of them, shall execute and deliver to Baffco the Optional Advance Note attached hereto as **Exhibit 1** (the "Optional Advance Note"). Baffco may make advances to Borrowers in a principal amount totaling up to $2 million hereinafter provided.

3.     All loans and advances made by Baffco to Borrowers shall be deemed advances under the Optional Advance Note and shall be endorsed on Annex A to the Optional Advance Note.

4.     The entire balance of all indebtedness, including all principal and interest, owed on the Optional Advance Note shall be due and payable in full on the earlier of (a) the Effective Date of any plan of reorganization confirmed in the Bankruptcy Cases; (b) the date of the entry of an order by the Bankruptcy Court converting any of the Bankruptcy Cases to cases under

Chapter 7 of the Bankruptcy Code; (c) the date of entry of an order of the Bankruptcy Court appointing a trustee under Chapter 11 of the Bankruptcy Code (the "Termination Date"); or (d) February 15, 2020.

5.      Baffco's unsecured super-priority administration claim under Section 364(c)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a), and (b) unpaid administrative expense claims for professional fees and expenses allowed pursuant to 11 U.S.C. § 330 or § 331 and incurred prior to the entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code.

6.      This Agreement and the Optional Advance Note shall be governed by, and construed and interpreted in accordance with, the laws of the State of Washington and the United States Bankruptcy Code.

7.      Borrowers and Baffco submit to the jurisdiction of the Bankruptcy Court over any dispute arising out of or related to this Agreement or the Optional Advance Note.

8.      In the event Borrowers propose and obtain confirmation of a plan of reorganization acceptable to Baffco in form and content, Baffco may accept common stock in Reorganized Debtors in full satisfaction of all indebtedness owing on the Optional Advance Note.

WALL TO WALL STONE & TILE, LLC, a          BAFFCO ENTERPRISES, LLC
Washington limited liability company


By _____          By _____
Its _____          Its _____


WALL TO WALL STONE & TILE-
OREGON, LLC, an Oregon limited liability
company


By _____
Its _____


WALL TO WALL STONE & TILE-IDAHO,
LLC, an Idaho limited liability company


By _____
Its _____


034312\00001\1183475 V001

Page 2 – LOAN AGREEMENT

# EXHIBIT 1

## OPTIONAL ADVANCE NOTE

# OPTIONAL ADVANCE NOTE

July _____, 2019                                                    Portland, Oregon

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, Wall to Wall Tile & Stone-Oregon LLC, an Oregon limited liability company ("Wall to Wall Oregon"), Wall to Wall Tile & Stone, LLC, a Washington limited liability company ("Wall to Wall Washington"), and Wall to Wall Tile & Stone-Idaho LLC, an Idaho limited liability company ("Wall to Wall Idaho") (together "Borrowers"), jointly and severally hereby promise to pay to the order of Baffco Enterprises, LLC, a Washington limited liability company ("Lender") at PO Box 1683, Brush Prairie, WA 98606, or such other address as Lender may designate, the amount of all loans, advances or other extensions of credit made by Lender to Borrowers from time to time, together with all interest accrued thereon.

Borrowers, and each of them, are debtors and debtors-in-possession in bankruptcy cases pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 19-32599-dwh11, Case No. 19-32600-dwh11, and Case No. 19-32603-dwh11, respectively (together and separately, the "Bankruptcy Case"). The execution, delivery, and performance of this Optional Advance Note have been authorized pursuant to an Order of the Bankruptcy Court entered in the Bankruptcy Case.

Borrowers may obtain loans or advances under this Optional Advance Note in an amount up to $2,000,000 for general operating purposes and payment of administrative and other expenses associated with the Bankruptcy Case. A 1% loan origination fee on the total amount available shall be paid to Lender with the first advance.

Borrowers promise to pay interest on the unpaid principal outstanding under this Optional Advance Note from the date each sum is loaned or advanced to Borrowers through the date of payment to Lender at a rate of 10% per annum. Interest shall be calculated on the basis of a year deemed to consist of 365 days.

A schedule for recording advances by Lender, and payments of principal and interest by Borrowers, is attached as Annex A. Lender is authorized to endorse the date and amount of each advance and each payment of the indebtedness reflected by this Note on Annex A, or on any continuation of Annex A, or on any ledger or other record customarily maintained by Lender. That endorsement, in the absence of manifest error, shall constitute prima facie evidence of the accuracy of the information so endorsed.

This Note, and all indebtedness owing on this Note, shall be due and payable in full on the earlier of (a) the date on which any Plan of Reorganization confirmed in the Bankruptcy Case becomes effective, (b) the date of entry of an Order by the Bankruptcy Court converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code, (c) the date of entry of an order of the Bankruptcy Court in the Bankruptcy Case appointing a trustee under Chapter 11 of the Bankruptcy Cod, or (c) February 15, 2020.

Case 19-32600-dwh7    Doc 118    Filed 08/23/19

Case 22-03027-dwh    Doc 1    Filed 03/22/22                    EXHIBIT 2
                                                               Page 9 of 12

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

Borrowers may prepay all or any portion of this Optional Advance Note at any time without premium or penalty.

No delay or omission on the part of Lender in the exercise of any right or remedy, whether before or after any event of default, shall operate as a waiver or impair Lender's right to fully and strictly enforce such right or remedy and every other provision of this Optional Advance Note.

Borrowers hereby waive presentment, demand, notice of nonpayment, and all other notices and acts to which Borrowers might otherwise be entitled under applicable law.

WALL TO WALL STONE & TILE, LLC, a Washington limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-OREGON, LLC, an Oregon limited liability company

By _____
Its _____

WALL TO WALL STONE & TILE-IDAHO, LLC, an Idaho limited liability company

By _____
Its _____

034312\00001\1183489 V001

Page 2 – OPTIONAL ADVANCE NOTE

Case 19-32600-dwh7    Doc 118    Filed 08/23/19

EXHIBIT 2
Page 10 of 12

Case 22-03027-dwh    Doc 1    Filed 03/22/22

Case 19-32600-dwh7    Doc 492    Filed 03/22/22

**ANNEX A**

**Schedule of Advances and Payments**

**All Amounts in U.S. Dollars**

| DATE | PRINCIPAL ADVANCE | INTEREST | PAYMENT | CUMULATIVE BALANCE |
|------|-------------------|----------|---------|--------------------|
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
|      |                   |          |         |                    |
| Total |                  |          |         |                    |

040202/00003/10294049v2

Page 3 – OPTIONAL ADVANCE NOTE

## CONSOLIDATED LIST OF INTERESTED PARTIES

*In re Wall to Wall Tile & Stone, LLC, Wall to Wall Tile & Stone-Oregon LLC,*
*and Wall to Wall Tile & Stone-Idaho LLC*
**U.S. Bankruptcy Court Case No. 19-32600-dwh11 LEAD CASE**
**(Jointly Administered with Case Nos. 19-32599-dwh11 and 19-32603-dwh11)**

## ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com
- MICHAEL W FLETCHER    michael.fletcher@tonkon.com, leslie.hurd@tonkon.com;spencer.fisher@tonkon.com
- ALBERT N KENNEDY    al.kennedy@tonkon.com, leslie.hurd@tonkon.com; spencer.fisher@tonkon.com
- WENDY E. LYON    wlyon@foxrothschild.com, jshickich@foxrothschild.com
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- BRAD T SUMMERS    summerst@lanepowell.com, docketing-pdx@lanepowell.com;holleym@lanepowell.com
- TIMOTHY A SOLOMON    tsolomon@llg-llc.com, justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
- US TRUSTEE, PORTLAND    USTPRegion18.PL.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**SECURED CREDITORS**

Baffco Enterprises, LLC
POB 1683
Brush Prairie, WA 98606

Enterprise FM Trust
20400 SW Teton Ave.
Tualatin, OR 97062

**PROPERTY TAX ENTITIES**

Clark County Treasurer
POB 5000
Vancouver, WA 98666-5000

King County Assessments Dept.
500 4th Ave. S. #708
Seattle, WA 98104

Ada County Assessor
190 E. Front St. #107
Boise, ID 83702

Deschutes County Tax Collector
POB 7559
Bend, OR 97701

040202/00003/10192884v2