IT IS ORDERED AND NOTICE IS GIVEN that unless within 23 days of the date in the FILED stamp above an interested party: (1) files a written objection to the motion below, setting forth the specific grounds for the objection, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401, and (2) serves the objection on the trustee and any attorney for the trustee at the service address(es) below, the trustee will thereafter settle and compromise the matter upon the terms below and the settlement will be deemed approved without further order.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Consol. Estate of Former W2W Entities, fka Wall to Wall Tile & Stone, LLC (#19-32600), - Oregon LLC (#19-32599), and -Idaho LLC (#19-32603)**<br>Debtor(s) | Case No. **19-32600-dwh7**<br><br>Adv. Proc. No. **21-03022-dwh** |
| **Amy Mitchell, Trustee**<br>Plaintiff(s)<br>V.<br>**Farmers Insurance Group, Inc.;**<br>**Farmers Insurance Company of Oregon, Inc.; and**<br>**Foremost Insurance Company Grand Rapids Michigan**<br>Defendant(s) | MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE ADVERSARY PROCEEDING, **AND ORDER THEREON**<br><br>(FARMERS & FOREMOST INSURANCE) |

The undersigned trustee, _____**Amy Mitchell**_____, moves to settle and compromise the above adversary proceeding upon the following terms:

**The Trustee proposes to settle her claim of $22,023.49 -- based on allegedly avoidable transfers made to Farmers Group, Inc., Farmers Insurance Co. of Oregon, and Foremost Insurance Company Grand Rapids Michigan (together "Defendants") -- in exchange for $17,619 (i.e., return of 80% of the transfers).**

**The Consolidated Debtors, formerly known as Wall to Wall Tile & Stone, LLC, Wall to Wall Tile & Stone - Oregon, LLC, and Wall to Wall Tile & Stone - Idaho, LLC (the "Debtors"), filed chapter 11 bankruptcy petitions on July 16, 2019 (the "Petition Date"). The cases were subsequently converted to chapter 7 on April 6, 2020. Amy Mitchell (the "Trustee") was appointed chapter 7 trustee for Debtors' bankruptcy estates, which were subsequently consolidated.**

The Trustee alleges that within the four years prior to the Petition Date, one or more Debtors transferred a total of $22,023.49 (the "Transfers") to the Defendants that consisted of payments of insurance premiums for coverages for Mr. Kruckenberg's personal home, motorcycles, boat, and RV. (While the RV was listed on the Debtors' financial statements, Mr. Kruckenberg represents that the RV was his personal property -- not the Debtors' -- and retained it. See Decl. of Tyler Kruckenberg dated April 20, 2020 (Docket No. 356), #3(i).) The Transfers do not include the substantial payments made to Defendants for insurance coverages primarily for the benefit of the businesses.

The Trustee alleges that the Transfers are avoidable fraudulent transfers under ORS 95.240(1) -- applicable under 11 USC 544(a) -- because all the Transfers were made within the four-year period prior to Debtors' bankruptcy filing, the Debtors themselves received no consideration from the Defendants in exchange for the Transfers (the Transfers were for Mr. Kruckenberg's personal benefit), and the Debtors were technically insolvent during that entire time period under ORS 95.210 (i.e., the actual value of the Debtors' assets was less than the Debtors' liabilities). Defendants deny the allegations and contend that the insurance premiums constituted reasonably equivalent value to the Debtors as part of Mr. Kruckenberg's compensation.

To avoid the time, expense, and uncertainty involved in litigating the claims and defenses further, the parties propose the following settlement: Defendants shall pay the Estate $17,619 (the "Payment") within 10 days of this settlement being approved by the Court and becoming effective, in exchange for a mutual global release of any and all claims between the Trustee, Estate, and Debtors, on the one hand, and Defendants on the other.

The Trustee asserts that this settlement is in the best interest of the Estate and creditors -- including because the expense of litigating these claims against the Defendants, including further discovery and then trial, would be significantly greater than the proposed discount of the Trustee's claims.

The parties agree that this Court shall have jurisdiction to enforce the terms of the settlement.

**CONFIRMATION OF TERMS:**

I UNDERSTAND AND AGREE TO THE TERMS OF THIS SETTLEMENT AGREEMENT, AND I HAVE WRITTEN AUTHORITY TO BIND THE UNDERSIGNED ENTITY(IES) TO THIS SETTLEMENT AGREEMENT.

**Farmers Group, Inc. & Farmers Insurance Co. of Oregon**
/s/ Margaret S. Giles
Name: Margaret S. Giles    Date Signed: 5/12/22
Title: Assistant Secretary

**Foremost Insurance Company Grand Rapids MI**
/s/ Margaret S. Giles
Name: Margaret S. Giles    Date Signed: 5/12/22
Title: Assistant Secretary

The Payment shall be tendered by wire transfer or by a check payable to "BK Estate of Wall to Wall Entities" and delivered to the Trustee at her address: Amy Mitchell, PO Box 2289, Lake Oswego, OR 97035.

###

DATE: 7/12/22

/s/ Amy Mitchell
Trustee

Service Address: PO Box 2289, Lake Oswego, OR 97035

(503) 675-9955 / mitchelltrustee@comcast.net

Name of Attorney for Trustee: Justin D. Leonard, OSB 033736

Service Address: 4110 SE Hawthorne PMB #506, Portland, OR 97214

(971) 634-0192 / jleonard@LLG-LLC.com