Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
Direct Dial: 503.802.2013
Facsimile: 503.972.3713
E-Mail: albert.kennedy@tonkon.com
Michael W. Fletcher, OSB No. 010448
Direct Dial: (503) 802-2169
Facsimile: (503) 972-3867
E-Mail: michael.fletcher@tonkon.com
Ava L. Schoen, OSB No. 044072
Direct Dial: (503) 802-2143
Facsimile: (503) 972-3843
E-Mail: ava.schoen@tonkon.com
Danny F. Newman, OSB No. 200518
Direct Dial: (503) 802-2089
Facsimile: (503) 274-8779
Email: danny.newman@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>North Pacific Canners & Packers, Inc.,<br><br>Debtor. | Case No. 19-62584-pcm11<br><br>**DEBTOR'S MOTION FOR (I) ENTRY OF FINAL DECREE AND ORDER CLOSING CASE, AND (II) ORDER TO DESTROY RECORDS** |

## NOTICE OF MOTION

If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the Bankruptcy Court no later than **<u>14 days</u>** after the filed date of this Motion. If you do not file an objection, the Court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the clerk of court at 405 E. 8th Avenue, #2600, Eugene, Oregon 97401 by the deadline specified above or it may not be considered. You must also serve the objection on Danny Newman, Tonkon Torp LLP, 888 SW Fifth Avenue, Suite 1600,

Portland, Oregon 97204 (telephone number 503-802-2089) within that same time. If the Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

**MOTION**

North Pacific Canners & Packers, Inc. (formerly known as NORPAC Foods, Inc.) ("NORPAC"), hereby moves this Court for an order closing this bankruptcy case:

**Background**

1. On August 22, 2019 (the "Petition Date"), NORPAC, NPCP Quincy, LLC, (formerly known as Quincy Foods, LLC) ("Quincy"), and Hermiston Foods, LLC ("Hermiston") (together, "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2. On August 26, 2019, the Court entered an Order Directing Joint Administration Pursuant to FRBP 1015(b) of each of Debtors' cases.

3. The Court entered its Order Confirming Debtors' and the Committee's Second Amended Joint Plan of Liquidation on November 12, 2020 [ECF No. 1057][1] (the "Confirmation Order" or the "Confirmed Plan"). Debtors were substantially consolidated at this time.

4. On or around December 11, 2020, Debtors made Distributions[2] to holders of Allowed Class 3 Convenience Claims in an amount equal to 50% of each such holder's Allowed Class 3 Convenience Claim. Further, on or around December 18, 2020, Debtors made initial Pro Rata Distributions of Available Cash to holders of Allowed Class 4 General Unsecured Claims equal to 30% of the amount of each Allowed Class 4 General Unsecured Claim.

[1] All docket numbers are references to the Court record in the Lead Case unless specifically noted otherwise.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Confirmed Plan.



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

5. On or around December 11, 2020, Debtors made Distributions to holders of Allowed Administrative Expense Claims in an amount equal to 100% of each such holder's Allowed Administrative Expense Claims.

6. On December 22, 2020, Debtors filed a Notice of Order Confirming Chapter 11 Plan and Compensation Applications [ECF No. 1098], which set forth proposed final pre-confirmation compensation of professionals (the "Professional Fees"). All objections to the Professional Fees have been resolved and all Professional Fees have been paid.

7. All secured claims provided for in the Confirmed Plan have been paid or will be satisfied as provided in the Confirmation Order.

8. On and around March 25, 2021, Debtors made a second Pro Rata Distribution of Available Cash to holders of Allowed Class 4 General Unsecured Claims equal to 7% of the amount of each Allowed Class 4 General Unsecured Claim. In total, holders of Allowed Class 4 General Unsecured Claims have received 37% on each Allowed Class 4 General Unsecured Claim, an amount that exceeds the highest projected recovery in the Disclosure Statement.

9. On May 9, 2021, the Court entered its Final Decree and Order Granting Hermiston's Motion for Order Closing Case in the Hermiston bankruptcy case (case no. 19-33102-pcm11).

10. On May 9, 2021, the Court entered its Final Decree and Order Granting Quincy's Motion for Order Closing Case in the Quincy bankruptcy case (case no. 19-33103-pcm11).

**Debtors Request the Court Close the Case and Enter the Final Decree**

11. As set forth on Local Bankruptcy Form 1195, and as required by Local Bankruptcy Rule 2015-1(b)(2)(A), an application to close a bankruptcy case must consider the following:

a. The date that an order confirming the Chapter 11 plan was entered;

b. The percentage of unsecured creditors' claims that will be paid over the life of the plan;



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

c. Whether all administrative claims and expenses have been paid in full, or appropriate arrangements have been made for full payment;

d. Whether all secured claims provided for in the plan have been paid or will be satisfied as provided in the confirmation order;

e. Whether all objections to claims have been resolved; and

f. Whether the plan has been substantially consummated, and that application is made for entry of a final decree and closing order pursuant to Federal Rule of Bankruptcy Procedure 3022.

12. On May 18, 2021, the Court entered its Order Granting Debtors' Objection to Claim 455 of PacifiCorp [ECF No. 1217]. PacifiCorp subsequently appealed said Order on June 1, 2021, in U.S. District Court (District of Oregon) Case No. 21-00863-AA (the "PacifiCorp Appeal"). The PacifiCorp Appeal has been fully briefed by Debtors and PacifiCorp.

13. Debtor intends to enter into an agreement with a third party for the purchase of "remnant assets" in which the estate holds either a contingent interest in an asset and/or the asset is of de minimis value. Debtors also intend to monetize their interest in the reserve that the estate currently holds in connection with the PacifiCorp Appeal (the "PacifiCorp Reserve"), either through the remnant asset sale or in a separate transaction.[3]

14. On July 9, 2021, Debtors commenced adversary proceeding case no. 21-06023 against Safety National Casualty Corporation, the Oregon Department of Consumer and Business Services, and the Washington Department of Labor & Industries, alleging turnover, violation of automatic stay and plan injunction, declaratory relief, estimation, and breach of contract and warranty (the "Safety National Adversary"). The parties to the Safety National Adversary reached a settlement that fully resolved the matter and payment has been received by

[3] The PacifiCorp Reserve shall be held in a trust account.



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Debtors' estates. On February 3, 2022, Debtors filed a Stipulation of Dismissal of Action with Prejudice and, on the same date, the Safety National Adversary was closed.

15. Debtors' deadline of March 31, 2021 to object to any remaining claims has expired. All claim objections, except the PacifiCorp Appeal, have been resolved.

16. The Confirmed Plan as it relates to Debtors is substantially consummated. Debtors have no material assets, and to the degree any secured, unsecured, or administrative claim by a creditor of any of the Debtors has not yet been allowed, disallowed, paid, or otherwise resolved, it will be resolved in the PacifiCorp Appeal.

17. Because the Confirmed Plan, as it relates to all Debtors, has been substantially consummated, it is unduly burdensome and administratively inefficient for the NORPAC case to remain open.

18. Indeed, the NORPAC case continues to accumulate fees due to U.S. Trustee each month. There is no benefit to keeping the NORPAC case open; so the costs outweigh the benefits. Therefore, good cause exists to grant the motion, enter a final decree, and close this case.

19. Debtors anticipate there will be one final additional pro rata Distribution to holders of Allowed Class 4 General Unsecured Claims made prior to March 31, 2022 (the "Final GUC Distribution"). The Final GUC Distribution will be in the amount of approximately 1.1%, bringing the aggregate amount of Distributions to holders of Allowed Class 4 General Unsecured Claims to approximately 38.1%.

20. Debtors request that the NORPAC case be closed pursuant to Federal Rule of Bankruptcy Procedure 3022 at this time because the factors set forth on Local Bankruptcy Form 1195 and in Local Bankruptcy Rule 2015-1(b)(2)(A) are met. For the avoidance of doubt, by the granting of this motion, all of Debtors' bankruptcy cases will be closed.



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

21. Pursuant to Local Bankruptcy Rule 2015-1(b)(2)(A) and in accordance with Local Bankruptcy Form 1195, notice of this Motion will be provided to the U.S. Trustee, Debtors, PacifiCorp, the Creditors' Committee, and their respective attorneys.

**Destruction of Documents Unrelated to the PacifiCorp Appeal**

22. Debtor submits that, because the PacifiCorp Appeal may take years to finally resolve, monetization of the PacifiCorp Reserve, thus allowing Debtors to close the NORPAC case now and make the Final GUC Final Distribution this month, is in the best interests of Debtor's estate. Otherwise, Debtors would have to incur the substantial costs of maintaining records (other than those potentially related to the PacifiCorp Appeal and/or required to be maintained by law). Indeed, Debtors are paying $5,500 per month to store and maintain all of the records and data in various physical and cloud-based sites.

23. Debtors thus request entry of an order permitting them to destroy all records not related to the PacifiCorp Appeal, or that they are otherwise required by law to maintain, because such destruction is in the best interest of creditors and the estate.

WHEREFORE, Debtors respectfully request that the Court enter an Order substantially in the form attached hereto as **Exhibit 1**.

DATED March 11, 2022.

TONKON TORP LLP

By */s/ Ava L. Schoen*
Albert N. Kennedy, OSB NO. 821429
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Danny F. Newman, OSB No. 200518
Attorneys for Debtors

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>North Pacific Canners & Packers, Inc,<br><br>Debtor. | Case No. 19-62584-pcm11<br><br>**FINAL DECREE AND ORDER GRANTING DEBTOR'S MOTION FOR ORDER CLOSING CASE** |

THIS MATTER having come before the Court upon Debtor's Motion for Order Closing Case (the "Motion") [ECF No. _____] and the Court being duly advised in the premises and finding good cause; now, therefore;

North Pacific Canners & Packers, Inc. (formerly known as NORPAC Foods, Inc.) ("NORPAC") is jointly administered pursuant to an Order Directing Joint Administration Pursuant to FRBP 1015(b) entered on August 26, 2019, under which NORPAC, Case No. 19-62584-pcm11 was designated as the lead case (the "Lead Case"). NORPAC was substantially consolidated with Hermiston Foods, LLC ("Hermiston") (Case No. 19-33101-pcm11) and NPCP Quincy, LLC (formerly known as Quincy Foods, LLC) ("Quincy") (Case No. 19-33103-pcm11) pursuant to the Order Confirming Debtors' and the Committee's Second Amended Joint Plan of Liquidation entered in the Lead Case on



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

November 12, 2020 (the "Confirmation Order"). On May 9, 2021, the Court separately entered a Final Decree and Order Granting Debtor's Motion for Order Closing Case in each of the Hermiston and Quincy bankruptcy cases. An appeal of the Court's Order Granting Debtors' Objection to Claim 455 of PacifiCorp [ECF No. 1217] (U.S. District Court (District of Oregon) Case No. 21-00863-AA) is currently pending (the "PacifiCorp Appeal").

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. The estate of North Pacific Canners & Packers, Inc. (formerly known as NORPAC Foods, Inc.) has been fully administered.

3. Case No. 19-62584-pcm11 is closed effective the date of this order, and the Court shall retain jurisdiction over any adversary proceeding(s) or appeal pending at the time of closure.

4. Debtors may destroy or dispose of any and all of Debtors' records, effective the date of this order, except for (1) any documents related to the PacifiCorp Appeal, and (2) any documents Debtors are otherwise required by law to maintain and not destroy.

# # #

* * *

* * *

* * *

* * *

* * *

* * *

* * *

* * *

* * *

* * *



Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By ______________________________________
Albert N. Kennedy, OSB NO. 821429
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Danny F. Newman, OSB No. 200518
888 S.W. Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Telephone: 503-221-1440
Facsimile: 503-274-8779
E-mail: al.kennedy@tonkon.com
michael.fletcher@tonkon.com
ava.schoen@tonkon.com
danny.newman@tonkon.com
Attorneys for Debtors

009684\00004\13377398v1